STATE *ex rel.* R. M. CREEL, Relator, Plaintiff in Error, v. GEORGE V. BOOKER, *et al.,* Defendants in Error.

1 So. (2nd) 167
En Banc
Opinion Filed March 25, 1941
Rehearing Denied April 7, 1941

*Manuel M. Glover* and *Carver & Langston,* for Plaintiff in Error;

*A. B. McMullen* and *Ralph Marsicano,* for Defendants in Error.

BUFORD, J.—On writ of error we review judgment in favor of respondent in mandamus proceedings.

In March, 1926, relator entered the employ of the City of Tampa as a policeman at a monthly salary of $147.25. He was apparently then in good health. Between the date of his employment and April 27, 1933, he became totally and permanently disabled. On January 11, 1933, he was discharged as a police officer but on April 27 (1933) was reinstated by

order of the Civil Service Board. On April 29, 1933, he was retired under the provisions of Chapter 11761, Special Acts of Extraordinary Session of 1925. That Act, *inter alia*, provided:

"Sec. 4. Members of the police department who have been in continuous service for a period of twenty years shall be retired on a pension upon application to the Board and any member reaching the age of sixty-five years shall be retired on a pension.

"Members who shall by reason of sickness or injury contracted in line of duty while in the service of the City, become permanently incapacitated to perform their duties in the positions they hold, shall be eligible for pension as hereinafter provided.

"Sec. 5. Members shall receive an amount equal to and not to exceed seventy-five per cent of their average yearly salary at the time of retirement. Members shall be retired on account of permanent incapacity and shall receive an amount equal to and not to exceed seventy-five per cent of the salary received at the time of such injury or sickness, payments to be made in monthly installments.

The Legislature of 1933 enacted Chapter 16721, which *inter alia*, provided:

"Section 2. All members of the fire department of the City of Tampa who are engaged in or subject to call to actual duty of fighting fire and conflagration, and whose employment shall be of a regular and continuous and not of a temporary character, and all members of the police department of Tampa who are engaged in or subject to call to actual duty of enforcing the law or of preserving the peace, and whose employment shall be of a regular and continuous and not of a temporary character, shall come within the purview of this Act. But, any member of such depart-

ment not subjected to the hazard of fire fighting or of enforcing the law or preserving the peace shall not come within the purview of this Act for any purpose and no widow, child or other beneficiary shall benefit under this Act except where the member himself under whose right they claim came within the purview of this Act as above defined. However, all members of the fire or police department of the City of Tampa, active or retired, who are at the time of the taking effect of this Act entitled to receive or make application for a pension under any law hereby repealed, whether such application shall have been heretofore made or not, shall be included within the purview hereof." . . .

"Section 6. Members of the fire or police departments of said city, coming within the purview of this Act as defined in Section 2 hereof, who have been in regular and continuous service in either or both of such departments of the character as defined by Section 2 hereof as coming within the purview of this Act, for a period of twenty-five years and shall have reached the age of fifty-five years, shall be retired on pensions upon application to said qualification committee, and members of said departments engaged in a line of duty which brings them within the purview of this Act as defined by Section 2 thereof, who shall be permanently incapacitated from performing their duties in their respective departments by reason of injury occasioned by the hazards of their duties in fighting fire or enforcing the law or preserving the peace, shall likewise be entitled to retirement on pension as herein provided upon application to and approval by said qualification committee, provided, that any member transferring from one such department to the other shall be entitled to full credit for all time of the character defined in Section 2 hereof as coming within the purview of the Act which shall have been served in the other

department before such transfer; and provided, further, that no member shall be included within the purview of this Act in either of said departments, if employed after he shall have reached the age of forty years, and any person who shall have begun his service in such employment after reaching the age of forty years shall not be qualified to receive any pension or relief hereunder, anything in this Act or in any former pension Act to the contrary notwithstanding; and provided, further, that in calculation of time of service, all continuous time of service of the character described in Section 2 hereof as entitling a member to come within the purview of this Act heretofore served by any member of either of said departments shall be counted; and provided, further, that any member of said departments, or any widow or child of such member, who has heretofore been awarded pension or relief, or who but for this Act, would now be entitled to the award thereof if application had not been heretofore made under any former pension law hereby repealed, shall be qualified to receive pensions hereunder without respect to age or length of service (other than that required by such repealed Acts), but such pension or relief shall be of the amounts and under the regulations provided by this Act and not under those provided by any such former or repealed law, and no person not now entitled to receive pension or to make application therefor, shall upon the death of any present pensioner, receive any pension or relief unless he or she qualifies under the terms hereof.

"Section 7. Members retired on pensions in pursuance to the preceding section shall receive a monthly pension of one hundred dollars ($100.00) per month plus one dollar ($1.00) per month additional for each year in excess of twenty-five years of service of the character mentioned in Section 2 of this Act which such pensioner shall have performed prior to such retirement. Provided, however, that

no pension shall under any circumstances be paid under this Act to any person while he is receiving any compensation as an official or employee of the Federal Government, or of any State, County, City, Municipal, or District Government, or of any other governmental agency."

The Legislature of 1935 enacted Chapter 17164, which, *inter alia,* provided:

"Section 1. There is hereby created a special fund to be known as the city pension fund for firemen and policemen in each city in the State of Florida having a population of not less than fifty-five thousand or more than one hundred eighteen thousand; said fund to be used exclusively for the purpose provided for in this Act, which fund shall be collected, administered and disbursed according to the provisions of this Act."

"Section 7. Benefits.—Pension to Members—Compulsory. The Board shall upon his application retire:

"(A) Any member having reached the age of fifty-five (55) after twenty (20) years of actual service in said fire department or police department, or any member after twenty-five years of actual service in said fire department or police department, then he shall receive in equal monthly installments $100.00 per month.

"(B) Any member who in the service has received or shall receive any injuries, disease or disability, which injury, disease or disability now permanently and totally incapacitates him, or shall in the future permanently and totally incapacitate him, physically or mentally, then he shall receive in equal monthly installments $100.00 per month.

"(C) Any member who has received or shall receive otherwise than in the service of the said departments, any injury, disease or disability, including old age, which injury, disease or disability, or old age, now permanently incapacitates or shall in the future permanently incapacitate him

physically or mentally from performing full duty, and he shall receive in equal monthly installments $50.00 per month." . . .

"Section 20. Duration of Member's Pension.—Pensions granted to retired members shall be paid to them for life and shall not be revoked nor in any way diminished except as provided in this Act, and the payment of the member to this fund shall cease upon his retirement and acceptance of a pension.

"Section 21. The Board of Trustees shall direct that there be included in the pension list, and be subject to the benefits of this Act, all pensions now being paid by the city to widows and children and retired members of the fire and police repartments, but not to exceed the maximum provided by this Act. And are hereby directed to pay said pensions."

So it appears to us that the only question to be determined is the construction of the provisions of the statutes.

The retiremeent and pension allowed relator in 1933 was necessarily under the provisions of Chapter 11761, *supra,* and was, therefore, on account of "sickness or injury contracted in line of duty while in the service of the city." This must be true because the record clearly shows that relator was not otherwise entitled to pension.

The only effect which the provisions of Chapter 16721, *supra,* had on relator's status was to change the amount of pension payable to him from 75% of the amount of his salary at the time of retirement to $100.00 per month.

The provisions of Chapter 17164, *supra,* did not in any wise change relator's status, but Sections 20 and 21 of that Act made them the then existing status of relator permanent and fixed, subject to change only if and when relator should become physically able to resume the performance of the duties of a police officer.

We conclude that as the rights of the parties are fixed by the statutes and must be determined upon the fair construction of the statutes, it is not necessary to discuss any other matter in connection with the case.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings.

So ordered.

Reversed and remanded.

WHITFIELD and CHAPMAN, J. J., concur.

ADAMS, J., concurs specially.

BROWN, C. J., TERRELL and THOMAS, J. J., dissent.

ADAMS, J. (concurring specially).—Prior to July 25, 1933, relator was receiving a pension as a retired policeman of the City of Tampa by virtue of his total disability within line of duty as was authorized by Chap. 11761, Special Acts, 1925. Having theretofore been classified by the duly constituted authorities as entitled to receive same by reason of total disability sustained in line of duty.

On July 25, 1933, relator made application and received an increase up to $100.00 per month by virtue of Chapter 16721, Special Acts, 1933.

In June, 1935, the Board of Pension Trustees of the City of Tampa reopened the relator's application and determined he was suffering from injury sustained not in line of duty and the effect was to reduce the pension benefit from $100.00 to $50.000 per month. The Board based its action on authority of Chapter 17164, Gen. Laws, 1935.

In November, 1938, the relator sought in the circuit court by mandamus to be reinstated to $100.00 per month as of June, 1935. Issue was formed, and testimony was taken and judgment entered for respondent. It now comes here on writ of error. I concur in what is said by Mr. Justice BUFORD but would add my further views.

The only necessary question for us to decide is, did the Board of Pension Trustees have authority to reclassify the relator under the recited facts?

Chapter 17164 *supra* does not expressly authorize the respondent to purge the existing pension roll and reclassify the relator and others then receiving a pension. Sec. 21 does provide:

"The Board of Trustees shall direct that there be included in the pension list, and be subject to the benefits of this Act, all pensions now being paid by the City to widows and children and retired members of the fire and police departments, but not to exceed the maximum provided by this Act. And are hereby directed to pay said pensions."

We then inquire if the Board had such authority independently of Chapter 17164. Where, as here shown by the record, the relator was legally classified by the duly constituted authorities, and such classification was acquiesced in by all parties concerned for a period of approximately two years, we think the respondent should be precluded from reclassifying the relator in the absence of fraud or facts arising subsequent to such classification to justify same.

No one has an inherent right to a pension but when a law is enacted providing for a pension, he may or may not have a right to benefit by the law. When he has taken .the proper steps to vest such right and the legally constituted body has acted legally then public policy demands that the inquiry be closed. 30 Amer. Juris., Sec. 164, Judgments 34 C. J. 878; Watkins v. State Board of Pharmacy, 154 So. 277 (Miss.).

Therefore I concur in the reversal of the judgment.