PHILIP BERNSTEIN *v*. PAULA H. BERNSTEIN

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 135642

Memorandum filed March 13, 1964

*Sudarsky & Sudarsky,* of Hartford, for the plaintiff.

*Harry G. Kaminsky,* of Hartford, for the defendant.

COTTER, J. The plaintiff seeks in the alternative a divorce on the ground of fraudulent contract under § 46-13 of the General Statutes or an annulment of the marriage under § 46-28. The two causes of action are distinguished in that a divorce is based on a valid marriage and a cause which arises subsequently for terminating it, while an annulment is decreed on the theory that the marriage is void ab initio. *Mazzei* v. *Cantales*, 142 Conn. 173, 178.

The parties were married August 17, 1963, and that night the defendant told the plaintiff that prior to the wedding she had made up her mind not to consummate the marriage. Her intention was formulated before the ceremony not to consummate the marriage nor to live as man and wife with the plaintiff. She participated in the ceremony only to please her parents and not because of her own desire to marry. She stated that she was afraid to tell her parents of this fixed intention and was fearful of withdrawing from the marriage ceremony. She concealed her motives and intention from the plaintiff, and if he had known of them he would not have been a party to the ritual. The defendant persisted in her course of conduct, refused to consummate the marriage throughout the honeymoon, and refused to live with the plaintiff in an apartment he had rented. She left the plaintiff and returned to the home of her parents within a few weeks after the wedding ceremony.

To warrant the annulment of a marriage, the cause must be such as goes to the essence of the marriage contract. Consent of the participants is a necessary condition to the creation of a valid marriage relationship, and there must be an intention of the parties to enter into the marriage status. *Davis* v. *Davis*, 119 Conn. 194. The concealed intent not to assume the duties of the marital

relationship is sufficient cause for an annulment. The fact of entry into marriage gives rise to a presumption that the parties intend to enter into a normal marital relationship. This includes cohabitation and all the obligations, duties and responsibilities that go with a normal marriage. When a party consistently and from the beginning refuses to do or assume any of these things, without evidence of ratification a cause for annulment exists. *Millar* v. *Millar,* 175 Cal. 797; *De Baillet-Latour* v. *De Baillet-Latour,* 301 N.Y. 428. There must be mutual consent to the marriage, and when only one party consents to the contract there is no marriage. 55 C.J.S. 840, Marriage, § 18 (b).

Since the defendant had the intention which existed at the time of the marriage ceremony of not cohabiting or consummating the marriage with the plaintiff, and the plaintiff was unaware of that intention at the time of the ceremony and would not have entered into the marriage if he had known of that intention, and the defendant continuously and wrongfully refused to carry out the purposes of the marriage, there is such legal cause as justifies the annulment of the marriage. *Anders* v. *Anders,* 224 Mass. 438; see note, 28 A.L.R.2d 499, 506; 3 Nelson, Divorce and Annulment (2d Ed.) § 31.37; 35 Am. Jur. 240, Marriage, § 92.

A decree of annulment may enter.