## WILLIAM F. SULLIVAN *v.* NORMAN K. MORGAN, SUPERINTENDENT, CONNECTICUT SCHOOL FOR BOYS, ET AL.

ALCORN, HOUSE, COTTER, THIM and COVELLO, Js.

 

Argued October 11—decided December 12, 1967

F. Michael Ahern, assistant attorney general, with whom, on the brief, was Harold M. Mulvey, attorney general, for the appellants (defendants).

Kalmen London, with whom, on the brief, were David Brown and Robert A. Michalik, for the appellee (plaintiff).

COTTER, J. The plaintiff brought this action on January 27, 1964, and in a substituted complaint alleged, in substance, that he was employed by the state of Connecticut in 1946 and was appointed boys' occupational supervisor at the Connecticut school for boys in Meriden in 1948; that he was admitted to the Connecticut Valley Hospital on April 10, 1958; that he was released from the hospital on February 3, 1959; and that he was dropped from the state payroll on July 28, 1958, when his

employment at the school was terminated. He further alleged that he brought an action of mandamus to require the personnel appeal board to hold a hearing on his reinstatement.[1] The board agreed to hold a hearing, which it subsequently did, and on October 29, 1963, it decided that the plaintiff was not dismissed from state service but was dropped "after the expiration of all his rights when he was hospitalized," so that no formal written notice of termination of employment was required, and that he had no right of appeal to the board as a result of any dismissal. These allegations of the substituted complaint were admitted, but an additional one to the effect that he was not given notice and an opportunity to be heard as provided in General Statutes § 5-56 was denied by the defendants.

The court found the following with minor corrections: The plaintiff was arrested about April 10, 1958, in connection with a series of fires then under investigation, he entered the state hospital at Middletown under a temporary commitment instead of being prosecuted, and a month later he was formally committed to that hospital by the Probate Court. He was kept on the state payroll from April 10 to July 28, 1958, with full pay and was credited with all of his accrued sick leave and vacation pay. On July 28, 1958, while hospitalized, the plaintiff was dropped from the state payroll without his knowledge or consent. He wrote a letter about August 6, 1958, which was not introduced into evidence, concerning his employment status. The superintendent of the school for boys wrote a letter dated August 8, 1958, to the plaintiff

---

[1] This action, commenced September 17, 1962, was withdrawn on October 27, 1962.

addressed to him at the Connecticut state hospital. The letter, which the plaintiff introduced in evidence, advised the plaintiff about his being dropped from state service and also stated in part as follows: "I realize that a job placement for you when you leave the hospital is of great concern to you but surely you realize that it would be impossible for you to return to the school." While he was still hospitalized, the plaintiff communicated with the president of an employee labor union, who was also an employee of the hospital, about assisting him in getting his job back. On February 3, 1959, he was released from the hospital. After his release, he worked three weeks at another state institution and also obtained unemployment compensation. The court concluded that the action of the superintendent constituted a dismissal and that the dismissal was ineffective under General Statutes § 5-56 because proper notice had not been given to the plaintiff. The judgment ordered that the plaintiff be reinstated to his former position, that he be restored to the roster of the state employees with restoration of full benefits, and that he receive full pay retroactive to July 28, 1958.

The court erroneously concluded that, because of the role played by state officials both in having the plaintiff committed to a mental institution and subsequently in removing him from office without his knowledge and consent, the state is estopped from asserting as a defense the plaintiff's inability to perform services from July 28, 1958, to February 3, 1959. The subordinate facts fail to support the court's conclusion, as required by Practice Book § 619. See *State* v. *American News Co.*, 152 Conn. 101, 114, 203 A.2d 296; *Schroder* v. *Battistoni*, 151 Conn. 458, 462, 199 A.2d 10; *Pet Car Products, Inc.*

v. *Barnett*, 150 Conn. 42, 53, 184 A.2d 797; *State* v. *Metrusky*, 140 Conn. 26, 30, 97 A.2d 574. There is also error in the judgment ordering full pay to the plaintiff retroactive to July 28, 1958, in view of the court's findings that the plaintiff had been employed and had received unemployment compensation payments at various times during this period.

Since this case, because of the errors discussed above, must be remanded for a new trial, we briefly discuss questions which appear to be of importance on a retrial under the circumstances appearing in the record before us.

The question whether a plaintiff acted with reasonable diligence in taking steps to test the legality of the termination of his employment was considered in such cases as *Norris* v. *United States*, 257 U.S. 77, 80, 42 S. Ct. 9, 66 L. Ed. 136, *Nicholas* v. *United States*, 257 U.S. 71, 76, 42 S. Ct. 7, 66 L. Ed. 133, *United States ex rel. Arant* v. *Lane*, 249 U.S. 367, 372, 39 S. Ct. 293, 63 L. Ed. 650, *Jones* v. *Summerfield*, 265 F.2d 124, 125 (D.C. Cir.), cert. denied, 361 U.S. 841, 80 S. Ct. 93, 4 L. Ed. 2d 80, and *Munson* v. *Terrell*, 101 Tex. 220, 221, 105 S.W. 1114. See 15 Am. Jur. 2d 512, Civil Service, § 51. The general rule as stated in those cases is that a plaintiff must not unreasonably delay the assertion of his claim, and cannot recover a judgment, if he has inexcusably failed to prosecute the proceeding in a timely fashion so that, in the event his contention is found to be justified, the government service may be disturbed as little as possible and two salaries shall not be paid for a single service. It appears from the record that the plaintiff's employment was terminated on July 28, 1958, and his first step for administrative or judicial review was taken on Sep-

tember 17, 1962, when he brought an action of mandamus against the personnel appeal board to require it to hold a hearing, which would appear to be more than four years from the date he was dropped from the state payroll and three years and eight months from the time of his release from the hospital.

We have likewise stated that mandamus, although it is a legal remedy, is not awarded as a matter of right but is within the exercise of the sound discretion of the court, and any inequitable or inexcusable delay in seeking redress in instituting the mandamus proceeding, which is an extraordinary remedial process, may constitute a bar to the relief demanded under the circumstances of a given case, especially in a situation where considerations of public policy are involved. *Silberman* v. *McLaughlin,* 129 Conn. 273, 278, 279, 27 A.2d 634. If the right to the issuance of the writ is "asserted contrary to the public interest, the court might refuse its aid in mandamus proceedings." *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 543, 12 A.2d 767; *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530, 534, 52 A.2d 747; 34 Am. Jur. 829, Mandamus, § 32. "Although the remedy by mandamus is at law, its allowance is controlled by equitable principles." *United States ex rel. Greathouse* v. *Dern,* 289 U.S. 352, 359, 53 S. Ct. 614, 77 L. Ed. 1250; 34 Am. Jur. 829, Mandamus, § 33; 55 C.J.S. 18, Mandamus, § 2. It is within the sound discretion of the court to invoke the equitable principle of unreasonable delay. *Ipes* v. *Board of Fire Commissioners,* 224 Md. 180, 183, 167 A.2d 337.

Under the circumstances, where the use of public funds is involved and a burden may be unlawfully placed on the taxpayers, issues such as those we have discussed should be raised and considered. See *Adams* v. *New Haven,* 131 Conn. 552, 556, 41

A.2d 111; *Lambert* v. *New Haven,* 129 Conn. 647, 649, 30 A.2d 923.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.