ANTHONY ALTERI *v.* DANA LAYTON

SUPERIOR COURT                    HOUSING SESSION

JUDICIAL DISTRICT OF HARTFORD-    FILE NO. SP-N-7904-229-NB
NEW BRITAIN AT NEW BRITAIN

Memorandum filed May 9, 1979

*Marcus H. Bordiere,* for the plaintiff.

*David A. Pels,* for the defendant.

SPADA, J. This is an action in summary process wherein the plaintiff landlord seeks possession of an apartment unit occupied by the defendant tenant on an oral month-to-month lease. The complaint alleges termination of the lease. The defendant tenant filed a motion to dismiss alleging that the plaintiff and the defendant had contracted for a new monthly tenancy subsequent to the notice to quit. The notice to quit, which was served on March 20, 1979, in the manner prescribed by General Statutes § 47a-23, instructed the tenant to quit possession of the apartment on or before April 2, 1979. The tenant mailed to the plaintiff a personal money order dated March 31, 1979. In the left-hand corner was inscribed "For April, 1979 Rent in Full." The plaintiff received the money order on or about April

2, 1979, and maintained possession of it up to the date of this hearing. The complaint, dated April 3, 1979, was served on April 3, 1979.

The defendant, in effect, contends that summary process can be successfully thwarted by a self-serving, unilateral, unsolicited mailing of rental money by a tenant to a landlord after the issuance of a notice to quit and prior to the issuance of a complaint. This court does not agree with that novel interpretation of Connecticut summary process laws. The defendant's conduct is condoned neither by the statutes nor by the case law. Summary process is a statutory remedy in derogation of the common law, and it has therefore been held that it must be strictly construed and narrowly followed. *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598.

The defendant essentially charges that the plaintiff accepted the rental payment or, in the alternative, is charged with acceptance by his retention of the money order. The court agrees with counsel that an acceptance of rent by a landlord after the termination of a tenancy waives any default by a tenant which may allegedly have existed and renews the tenancy; *Borst* v. *Ruff,* 137 Conn. 359; but charging the plaintiff with acceptance does not make it an acceptance. The defendant contends that a new contract was formed. The assent requisite to the creation of a contract is an objective thing, manifested by intelligible conduct, act, or sign; it is not determined by secret intentions but by expressed or manifested intentions. 17 Am. Jur. 2d, Contracts § 19. The issuance of the complaint one day after receipt of the rental offer is an unequivocal manifestation of the plaintiff's rejection of the defendant's offer.

The defendant's alternative argument is that the plaintiff's retention of the money order from the

date of its receipt (April 2, 1979) to the date of the motion to dismiss (April 16, 1979) is tantamount to an acceptance. The court disagrees. Mere retention is insufficient. In order to constitute acceptance, retention requires a demonstration of ownership such as an endorsement or an actual cashing of the money order or check. None of this is present in the case at bar.

The defendant relies heavily on *Tuttle* v. *Martin,* 32 Conn. Sup. 297. His reliance is misplaced. In the *Tuttle* case, supra, the court held that the retention of rent checks for periods of up to ninety days without explanation could be interpreted as an acceptance of rent. This court neither accepts nor rejects the *Tuttle* holding, supra, at this juncture. It is enough to determine that the facts at hand are easily distinguishable from the *Tuttle* facts. In the present case, the money order was at the plaintiff's premises for a mere fourteen days. One day after its receipt, the plaintiff served his complaint for summary process seeking possession. That act alone was sufficient to advise the defendant that his offer had been rejected.

The flaw in the defendant's case is that it seeks to impose upon the landlord an obligation not required by Connecticut summary process statutes. In effect, the defendant's position, if adopted, would either impose an unwarranted obligation upon landlords to do an affirmative act, namely, return any offers, or else open every summary process complaint to a motion to dismiss. The defendant's position is both legally and socially unsound.

Accordingly, the defendant's motion to dismiss is denied.