[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Grounds for annulment of a marriage fall into two general categories: those specifically set forth by statute, and those recognized pursuant to common law. The effect of an annulment may be to either render the marriage void ab initio, or voidable. Connecticut courts have expressed a preference to view a marriage as voidable rather than void unless a statute expressly declares the marriage to be void. Hames v. Hames,163 Conn. 588 (1972).
Unlike the statutory provisions regarding the grounds for dissolution of a marriage, there is no single statute itemizing the grounds for annulment. The Court must, therefore, look to the statutes and case law.
As a general principle, the formation of a binding contract requires the mutual assent of the parties, as determined by their expressed or manifested intention. Altieri v. Layton, 35 Conn. Sup. 258 (1979). The Court is interested in those incidents leading up to the declaration of the marriage ceremony. Consent is a necessary condition to the marriage ceremony and this consent must be mutual. Bernstein v. Bernstein, 25 Conn. Sup. 239 (1964).
As a general principle of law, the party who is induced to enter into a contract by fraud is entitled to rescind that contract. Hacket v. City of New Haven, 2 Conn. App. 225
(1984). Similarly, a person who is fraudulently induced to enter into the marriage contract may have that contract annulled. Bernstein, supra.
Failure to consummate the marriage does not in and of itself constitute grounds for the granting of an annulment. In Bernstein v. Bernstein, supra, the court granted an annulment on the following facts.
On the night of the marriage, the defendant told the plaintiff that prior to the marriage, she had made up her mind not to consummate the marriage. Her intention was formulated before the ceremony not to live as man and wife with the CT Page 6639 plaintiff. She concealed her motive, and if he had known of them, he would not have married her.
To warrant an annulment of the marriage, the cause must be such as to go to the essence of the contract.
The concealed intent not to assume the duties of the marital relationship is sufficient cause for an annulment. Intention at the time of the marriage is most important.
In this case, there was no evidence presented of the intention not to consummate the marriage either before or during the marriage ceremony. In fact, there is no evidence as to any intention to fraudulently conceal any material fact nor was there any evidence to show that there was reliance on any untrue statement made by the defendant.
On the basis of the testimony and the allegations contained in the petition for annulment, this Court is powerless to grant an annulment since it does not meet either the statutory criteria, nor does it meet any of the case law of the State of Connecticut. The petition is therefore denied.
MIHALAKOS, J.