[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 26, 1991, the plaintiff, Lorraine O'Connell filed her revised complaint, in which she alleged that Elizabeth Maker, a defendant reporter for The New Milford Times, contacted her regarding the treatment of a horse by her neighbor, Peter Kostas, of Roxbury, Connecticut. The plaintiff alleges, inter alia, that she gave Ms. Maker information but specifically requested that her name not be used in the article. The plaintiff claims that, while she received no specific assurances of anonymity, she believed that because anonymity was specifically requested, such would be granted. Count two of her complaint, directed against Housatonic Valley Publishing Co. ("Housatonic"), a defendant, repeats the allegations put forth against Ms. Maker.
On April 11, 1991, the defendants answered the complaint and filed four special defenses thereto, the first of which asserts that the statements printed are truthful, and are therefore absolutely protected under the First Amendment of the United States Constitution and ArticleFirst, 4 and 5 of the Connecticut Constitution. The second special defense claims that the printed statements are contained in an arrest warrant, which is a public record pursuant to Conn. Gen. Stat. 1-20b. The third special defense alleges that the printed statements are conditionally privileged as statements concerning a matter of public interest, and the fourth special defense asserts that the statements are conditionally privileged as an account of a matter of public interest by the news media.
On May 16, 1991, the defendants filed a motion for summary judgment on their four special defenses and submitted a memorandum and affidavits in support thereof. On June 28, 1991, the plaintiff replied to the special defenses, denying all allegations contained therein, and filed an objection to the motion for summary judgment, alleging that there exists a genuine issue as to a material fact. The plaintiff submitted a memorandum and an affidavit in support of her opposition to the motion.
Summary judgment is provided for in Conn. Prac. Bk. 378-384 as a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party," Connell v. Colwell, CT Page 9252214 Conn. 242, 246-47, 571 A.2d 116 (1990). Additionally, the pleadings between the parties to the motion must be closed before a party may move for summary judgment. Practice Book 379; Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 3 n. 2, 513 A.2d 1218 (1986).
While the defendant's motion for summary judgment was filed prior to the plaintiff's reply to the special defenses, filed on June 28, 1991, that error was rendered harmless by the filing of plaintiff's reply.
The defendants, in their supporting memorandum, argue that the identification of the plaintiff in the newspaper article is protected by the First Amendment of the United States Constitution. See, e.g., Justice Dept. v. Reporters Commission, 109 S.Ct. 1468, 1476 n. 15 (1989); Smith v. Daily Mail, 443 U.S. 97, 103 (1979). The defendants also state that publication of the plaintiffs name is conditionally privileged under Connecticut law, as a statement made by the news media, without malice, in a matter of public interest. Bleich v. Ortiz, 196 Conn. 498, 501,493 A.2d 236 (1985). See also Charles Parker Co. v. Silver City Crystal Co.,142 Conn. 605, 615-18, 116 A.2d 440 (1955).
The plaintiff, in her opposing memorandum, relies on Cohen v. Cowles Media Co., 59 U.S.L.W. 4773 (U.S. Sup. Ct. June 24, 1991), in arguing that the First Amendment does not allow the defendants to make a promise of anonymity to the plaintiff and then, upon breach of that promise, defend their actions using the First Amendment. The plaintiff argues that there exists a question of material fact as to whether there was a contract between the plaintiff and Ms. Maker to keep the plaintiff's name confidential.
In Hustler Magazine, Inc. v. Falwell, 485 U.S. 46 (1988), the court determined that constitutional protections apply to a claim for intentional infliction of emotional distress. In that case, the court also determined that the appellee Jerry Falwell, a nationally known minister was a public figure for defamation purposes.
In Cohen, a contract for anonymity was breached, and the plaintiff sought damages for breach of contract resulting in the loss of employment and lowered earning capacity. The United States Supreme Court held that theFirst Amendment does not prohibit a plaintiff from recovering damages for a newspaper's breach of a promise of confidentiality given in exchange for information, id. at 4774, and that the "First Amendment does not confer on the press the right to disregard promises that would otherwise be enforced under state law. . . ." Id. at 4776. However, the Cohen court also stated that were the plaintiff seeking damages for injury to his state of mind, Falwell, supra, would apply. Cohen, supra at 4776.
In the present case, the plaintiff alleges that she suffered extreme emotional distress as a result of the negligent publication of her name. Revised Complaint, 10. The plaintiff further alleges that she "cooperated with [Ms Maker] . . . but specifically requested that her name CT Page 9253 would not appear in The New Milford Times as a result of the information given. . . ." The plaintiff also alleges that while she did not specifically receive assurances of anonymity from the defendant, "on information and belief she believed this to be the policy."
For Cohen to apply here, there must be a contract for confidentiality between the plaintiff and the defendants for the breach of which the plaintiff seeks damages. Whether or not a contract was entered into is determined by "[t]he intention of the parties manifested by their words and acts." Hess v. Dumouchel Paper Co., 154 Conn. 343, 347, 225 A.2d 797
(1966). See also Garrison v. Garrison, 190 Conn. 173, 175, ___ A.2d ___ (1983). The "assent requisite to the creation of a contract is an objective thing, manifested by intelligible conduct, act, or sign; it is not determined by secret intentions but by expressed or manifested intentions." Alteri v. Layton, 35 Conn. Sup. 258, 259, 408 A.2d 17, 18 (1979, Spada, J.) While the affidavits reveal that there is a genuine issue of fact between the parties as to whether the parties agreed that plaintiff's name would not be published, plaintiff is not seeking a recovery in contract.
The plaintiff's claim here sounds in negligent infliction of emotional distress. Unlike the plaintiff in Cohen, Ms. O'Connell is seeking damages for injury to her state of mind. In Hustler Magazine, Inc. v. Falwell, 485 U.S. 46 (1988), the Supreme Court held that constitutional libel standards apply to state tort claims of intentional infliction of emotional distress. There is no reason to believe that the First Amendment provides less protection when the claim is negligent infliction of emotional distress. The Court has held that the First Amendment will not allow "exposing the press to liability for liability for truthfully publishing information released to the public in official court records. . . ." Cox Broadcasting v. Cohn, 420 U.S. 469, 496 (1975). See also The Florida Star v. B.J.F., 491 U.S. 524 (1989). As Justice (then Judge) Berdon noted in Dow v. New Haven Independent, 41 Conn. 31, 43-45
(1987), sections 4 and 5 of article first of our state constitution provide greater protection of the press in appropriate cases than does the federal constitution. Since this court has decided that the first amendment provides a defense in this case, it is unnecessary to decide the scope of the protection afforded by the Connecticut constitution under the facts here.
Defendants' motion for summary is granted.
SUSCO, J.