[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE, #106
ISSUE
Whether the court should grant the defendants' motion to strike because the complaint is legally insufficient.
FACTS
The following facts are alleged in the complaint. The plaintiffs, Michael P. Stagon and E-Z Lern Driving School, do business as driving schools in the state of Connecticut. The defendants are the acting commissioner of education and the members of the state board of education.
The plaintiffs allege that the defendants have violated General Statutes Sec. 10-24 in that they have allowed local boards of education under the supervision of the state board of education to provide drivers' education programs to persons under sixteen years of age. The plaintiffs seek a writ of mandamus ordering the defendants to give notice to all schools under their supervision which are operating drivers' education courses that such schools shall cease enrolling persons under sixteen years of age in drivers' education courses.
The defendants now move to strike the complaint.
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and CT Page 6048 construe them in the light most favorable to sustaining the sufficiency of the pleading. Michaud v. Wawruck,209 Conn. 407, 408, 551 A.2d 738 1988). Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail." Ferryman v. Groton, supra, 142 (citations omitted).
 "The writ of mandamus is an extra-ordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." Citations omitted.) Furthermore, "mandamus neither gives nor defines rights which one does not already have. It enforces, it commands, performance of a duty. It acts at the instance of one having a complete and immediate legal right; it cannot and it does not act upon a doubtful or a contested right . . . ." State ex rel. Comstock v. Hempstead, 83 Conn. 554, 561, 78 A. 442 (1901); McAllister v. Nichols, 193 Conn. 168, 171-72, 474 A.2d 792 (1984).
 A party seeking a writ of mandamus must establish: "(1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law." Citations omitted. Even satisfaction of this demanding test does not, however, automatically compel issuance of the requested writ of mandamus. Hackett v. New Britain, 2 Conn. App. 225, 227, 477 A.2d 148, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984). In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. Sullivan v. Morgan, 155 Conn. 630, 635, 236 A.2d 906 (1967).
Hennessy v. Bridgeport, 213 Conn. 656, 659 A.2d 1122 (1990).
The defendants argue that General Statutes Sec. CT Page 604910-24 does not mandate that students under sixteen or over eighteen be forbidden from enrolling in board of education supervised drivers' education courses.
General Statutes Sec. 10-24 provides:
 (a) The state board of education shall prepare for use in all high and other secondary schools under its supervision a course of study of motor vehicle operation and highway safety.
 (b) each local and regional board of education may provide a course of instruction in motor vehicle and highway safety on a secondary school level, which course shall consist of not less than thirty clock hours of classroom instruction offered during or after school hours as said board of education, in its discretion, may provide, and may include behind-the-wheel instruction of not less than six clock hours. Said course shall be open to enrollment by any person between the ages of sixteen and eighteen, inclusive, who is a resident of the own or school district or whose parent, parents or legal guardian owns property taxable in such town or school district. Any such board of education may contract for such behind-the-wheel instruction with a licensed drivers' school.
The plaintiffs, argue that the issue raised by the defendants was previously disposed of by the court, Arena, J., in its memorandum of decision of the defendants' motion to dismiss. The court's memorandum of decision indicates, however, that the court explicitly refused to address the issue of whether General Statutes Sec. 10-24
imposes on the defendants the duty to prevent persons under the age of sixteen from enrolling in board of education supervised drivers' education courses. Memorandum of Decision, #105, p. 6.
The plaintiffs further argue that the plain language of the statute indicates that the alleged duty is imposed on the defendants. The statute merely establishes CT Page 6050 an age bracket within which enrollment must be open; the plain language of the statute does not forbid the opening of enrollment to persons outside the age bracket.
The plaintiffs also argue that any other reading of the statute would place the statute in conflict with the provisions of General Statutes Secs. 14-36(a), 14-36(b) (1) and 14-214. General Statutes Sec. 14-36(a) provides that a person must be sixteen in order to get a vehicle operator's license. General Statutes Sec. 14-36(b)(1) provides that a person sixteen years or older may operate a motor vehicle without an operator's license if he is under the instruction of a person eighteen years of age who has held an operator's license for at least two years. General Statutes Sec. 14-214 provides that a person who is eighteen years of age or older and who has held an operator's license for more than two years may instruct a person sixteen years or older in the operation of a motor vehicle.
The statutes listed by the plaintiffs are distinguishable from General Statutes Sec. 10-24 in that these statutes deal solely with the operation of a motor vehicle while General Statutes Sec. 10-24 envisions both the operation of a motor vehicle and classroom training. Although, a consistent interpretation of all these statutes evince a legislative purpose that no person under the age of sixteen operate a motor vehicle, there is no statutory mandate prohibiting a person under the age of sixteen from enrolling in a drivers' education course and engaging in classroom motor vehicle and highway safety training while waiting until his or her sixteenth birthday for "on-the-road" training.
The plaintiffs further argue that the legislative history of the statute makes it clear the board of education supervised drivers' education courses are open exclusively to persons sixteen to eighteen years of age. The legislative history does not support the conclusion that enrollment is open exclusively to those persons between sixteen and eighteen years of age.
CONCLUSION
The court grants the defendants' motion to strike because the plaintiffs have failed to show the existence of a clear legal right which entitles them to command the performance of a duty on the part of the defendants.
AUSTIN, J. CT Page 6051