[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 9, 1997
I
FACTS
"On or about April 1993, Lane and Reibel entered into discussions relating to the creation of a case management system utilizing medical specialists and computer software housing a CT Page 12506 knowledge base to manage and monitor the treatment of medical patients suffering from cancer and other chronic and complex illnesses and diseases." Complaint, ¶ 6. Before the project was completed, the relationship between Lane and Reibel broke down.
On February 20, 1996, Lane filed the current lawsuit against Reibel, Preferred Health Systems, LLC, and J.S.R. Enterprises, Ltd. On October 8, 1996, the defendants filed a revised answer, counterclaims, and special defenses. In the counterclaims and special defenses it is alleged that the plaintiff lied to the defendant. Reibel, when questioned about his reputation in the medical community and pending litigation with his former employer, the Waterbury Hospital. On February 13, 1997, Lane filed a motion to strike the defendants' fourth special defense, first counterclaim and second counterclaim.
 II
DISCUSSION
 A
Motion to Strike
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The function of a motion to strike is to test the legal sufficiency of a pleading, it admits all facts well pleaded." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106 (1997). "If facts provable under the allegation [of the pleading] would support a defense or a cause of action, the motion to strike must be denied." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 384, 650A.2d 153 (1994).
 B
Fourth Special Defense: Fraud
The plaintiff claims that the defendants have failed to set forth facts sufficient to support a special defense of fraud. The CT Page 12507 defendants claim that this assertion by the plaintiff should have been raised as a request to revise, not a motion to strike. The defendants' fourth special defense states in its entirety: "41. Plaintiff's claims are barred on the grounds that the alleged agreements relied upon by plaintiff were procured and induced by fraud."
"It is . . . settled law that [t]he essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact: (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." (Internal quotation marks omitted.) Kilduffv. Adams, Inc., 219 Conn. 314, 329, 593A.2d 478 (1991). "[A]llegations of fraud, mistake, accident, and improper management [are] merely conclusions of law and absent sufficient facts to support them, are subject to a motion to strike." (Internal quotation marks omitted.) Cavallo v. Derby SavingsBank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
The defendants' fourth special defense is legally insufficient as a matter of law because it is simply a legal conclusion devoid of the elements of fraud. The plaintiff was correct in raising this deficiency as a motion to strike, rather than a request to revise. The plaintiffs motion to strike the defendants' fourth special defense is granted.
 C
First Counterclaim: Fraud
The plaintiff moved to strike Reibel's first counterclaim on the basis that it does not contain an allegation of proximate cause. The plaintiff claims that an allegation of a direct causal connection between the misstatement or nondisclosure and the damage sustained is central to any claim of fraud. According to the plaintiff, mere "but for" allegations are not sufficient. The defendant, Reibel, maintains that he is only required to allege such "but for" reliance in his fraud counterclaim. Reibel makes it clear that he is not claiming that the basis of the plaintiffs misrepresentations, specifically the allegations of fraud raised in the Waterbury Hospital litigation, caused the loss of the investment capital. Revised Answer and Counterclaims, p. 11. In fact, Reibel does not allege any cause for the loss of the business investment. He merely states that absent the plaintiffs CT Page 12508 fraud, he would not have invested in this business, and would therefore not have lost this money.
"Cause in fact, occasionally referred to as actual cause, asks whether the defendant's conduct caused the plaintiffs injury . . . Philosophically, cause in fact is limitless; but for the creation of this world, no crime or injury would ever have occurred . . . Therefore, as a practical matter, limits must be established. Lines must be drawn determining how far down the causal continuum individuals will be held liable for the consequences of their actions . . . This line is termed proximate cause." (Citations omitted; internal quotation marks omitted.)Stewart v. Federated Dept. Stores, Inc., 234 Conn. 597, 605-06,662 A.2d 753 (1995).
"Proximate cause establishes a reasonable connection between an act or omission of a defendant and the harm suffered by a plaintiff . . . Proximate cause serves to [temper] the expansive view of causation [in fact] . . . by the pragmatic . . . shaping [of] rules which are feasible to administer, and yield a workable degree of certainty . . . [The Connecticut Supreme Court] has defined proximate cause as [a]n actual cause that is a substantial factor in the resulting harm . . ." (Citations omitted; emphasis omitted; internal quotation marks omitted.)Stewart v. Federated Dept. Stores, Inc., supra, 234 Conn. 606.
Section 548A of volume 3 of the Restatement (Second) of Torts covers proximate causation in fraud. The comments to § 548A specifically refer to a situation in which the sale of stock is based upon a misrepresentation that is wholly unrelated to the cause of the later drop in the stock price. It is stated that "[a]lthough the misrepresentation has in fact caused the loss, since it has induced the purchase without which the loss would not have occurred, it is not a legal cause of the loss for which the maker is responsible." 3 Restatement (Second), Torts § 548A, comment (b) (1996). It is also important to note that the Connecticut Supreme Court has stated that "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v.Derby Savings Bank, supra, 188 Conn. 285-86.
Reibel's first counterclaim is devoid of any allegation of proximate cause. It is alleged that "but for" the plaintiff's alleged misrepresentations Reibel would not have invested in a business with him. However, there is no allegation that these alleged misrepresentations caused the loss of Reibel's business CT Page 12509 investment. Accordingly, the plaintiffs motion to strike Reibel's first counterclaim is granted.
 D
Second Counterclaim: Declaratory Judgment
The plaintiff also seeks to strike Reibel's second counterclaim based on the lack of an assertion of proximate causation. Reibel's second counterclaim seeks a declaratory judgment holding the letter of understanding and shareholder agreements to be void due to fraud in the inducement.
"Proof of fraud in the inducement to contract allows the defrauded party various remedies including rescission; . . . restitution; . . . or damages . . ." (Citations omitted.) Hackettv. New Britain, 2 Conn. App. 225, 228, 477 A.2d 148, cert. denied,194 Conn. 805, 482 A.2d 710 (1984). "The equitable remedy of rescission is not barred because of the fact that the defrauded party suffered no pecuniary loss." Kavarco v. T.J.E., Inc.,2 Conn. App. 294, 299, 478 A.2d 257 (1984). "Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused [him] to enter the contract." (Internal quotation marks omitted.) Dorsey v. Mancuso, 23 Conn. App. 629, 635, 583 A.2d 646
(1990), cert. denied, 217 Conn. 809, 585 A.2d 1234 (1991).
Reibel was not required to have alleged proximate causation in his equitable counterclaim seeking a declaratory judgment. Reibel was not required to have alleged any pecuniary damages at all. The allegations contained in the second counterclaim are legally sufficient to support an equitable declaratory judgment for contract rescission based upon fraud in the inducement. Accordingly, the plaintiff's motion to strike Reibel's second counterclaim is denied.
Mintz, J.