[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Connecticut Post Ltd. Partnership, initiated this summary process action against the defendant, Robert Levine, CT Page 5425 d/b/a Party, Etc., on February 5, 1988. The defendant moves to strike the entire complaint on the ground that the reasons given for the eviction are legally insufficient.
The revised complaint contains three counts. Count one seeks eviction based on lapse of time; count two alleges that the defendant never had a right to occupy the premises; count three alleges that the defendant had the right to occupy the premises, but that right has ended.
In its complaint, the plaintiff alleges that the parties entered into a license agreement under which the defendant would occupy a kiosk in the open space in front of Filene's at the Connecticut Post Mall for the purpose of selling gift ware, party supplies, and cards for the period beginning October 1, 1997, and ending December 31, 1997. The defendant would pay a total of $10,000 plus a $100 promotional fee, in four payments,[1] plus 10% of their gross sales over $100,000 by January 5, 1998. The defendant did not vacate the kiosk after December 31. The plaintiff sent a letter on January 5, 1998, which said that until it vacated the kiosk, it would be subject to a "rent" of $1,000 per day. At some point thereafter, the defendant tendered, and the plaintiff accepted, a payment of $1500. The plaintiff served the defendant with a notice to quit on January 21, 1998.
The defendant's motion to strike is based on the letter of June 5 from the plaintiff to the defendant.[2] This letter is annexed to the revised complaint as an exhibit. Therefore, it is part of the complaint; Practice Book (1998 Rev,) § 10-29; and must be so treated in the determination of the motion to strike. Redmond v. Matthies, 149 Conn. 423, 426, 180 A.2d 639
(1962).
The purpose of a motion to strike is to contest. The legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. United Technologies Corporation,240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendant argues that the letter of January 5 created a month to month tenancy and that it cannot be evicted during the CT Page 5426 month of January. This argument is premised on the letter's demand for "rent," after which the defendant made a payment which the plaintiff admits to having accepted. The defendant is correct that under certain circumstances a month to month tenancy may arise from the tender and acceptance of a rental payment. But for such a tenancy to be implied, there must have been a lease agreement under which the tenant paid an established monthly rental which is tendered and accepted after the initial term of the lease expires. Bridgeport v. Barbour-Daniels Electronics,Inc., 16 Conn. App. 574, 579, 548 A.2d 744, cert. denied,209 Conn. 826, 552 A.2d 432 (1988); Welk v. Bidwell, 136 Conn. 603,607-08, 73 A.2d 295 (1950).
Here, there is no allegation that the defendant ever had a lease. Rather, the defendant is alleged to have had a "non exclusive revocable temporary license" that gave it the right to occupy a specified kiosk in the mall for a limited purpose. A license, though analogous to a lease, does not confer exclusive possession of the property and does not create a tenancy. CompareCommuniter Break Co. v. Scinto, 196 Conn. 390, 391-392,493 A.2d 182 (1985). "A lease transfers an estate in real property to a tenant for a stated period, with a reversion in the owner after the expiration of the lease. Its distinguishing characteristic is the surrender of possession by the landlord to the tenant so that he may occupy the land or tenement leased to the exclusion of the landlord himself." Jo-Mark Sand Gravel Co. v. Pantanella,139 Conn. 598, 601, 96 A.2d 217 (1953). "Unlike a lease, a license in real property is a mere privilege to act on the land of another, which does not produce an interest in the property." Clean Corp.v. Foston, 33 Conn. App. 197, 203, 634 A.2d 1200 (1993). "`In determining whether an interest relating to real property is a lease, easement or license, the intent of the parties is the controlling factor.' 25 Am.Jur.2d, Easements and Licenses § 137." Middletown Commercial Associates Ltd. Partnership v.Middletown, 42 Conn. App. 426, 440, 680 A.2d 1350, cert. denied,239 Conn. 939, 684 A.2d 711 (1996). The agreement defines itself as a license and states that "nothing in this license is intended . . . to create the relationship of landlord and tenant between the parties." "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Pesino v. AtlanticBank of New York, 244 Conn. 85, 91-92, ___ A.2d ___ (1998). CT Page 5427
In addition, the parties' agreement did not establish a monthly rent. Under the license, the total amount was paid in four uneven installments at varying intervals. When the license expired, there were no terms under which the occupancy could continue; any further agreement between the parties would have to be an express agreement.
The defendant, however, insists on finding in the letter of January 5 a new agreement that the occupancy could continue if the defendant continued to pay "rent." At best the letter was an offer to negotiate a new agreement on different terms. It also made it clear that the current situation was unacceptable to the plaintiff, and proposed "further discussion concerning relocation and a new license agreement." There was no clear intent manifested in this letter to offer anything that the defendant could secure by simply tendering a rent payment.
Moreover, there was no unequivocal acceptance of the terms by the defendant. That the letter offered a "rent" of $1,000 a day, and the defendants paid $1500 is hardly a meeting of the minds sufficient to create an agreement of any kind, much less a month to month lease. When a landlord insists on one rate of rental and the tenant insists on another, there is no meeting of the minds.Welk v. Bidwell, supra, 136 Conn. 607-08. The tender of $1500 was at best a counter-offer with unspecified terms. "The assent requisite to the creation of a contract is an objective thing, manifested by intelligible conduct, act, or sign; it is not determined by secret intentions but by expressed or manifested intentions. 17 Am.Jur.2d, Contracts § 19." Alteri v. Layton,35 Conn. Sup. 258, 259, 408 A.2d 17 (1979). Consequently, no new agreement was created by this exchange.
Under the terms of the licenser the defendant's right to occupy the kiosk ended on December 31, after which it had no right to occupy the premises for any purpose, and no agreement can be inferred from the continued occupancy. The plaintiff had the right to serve a notice to quit on the ground that the defendant's right to occupy the space had terminated.
Accordingly, count three of the complaint, which alleges that the defendant's right or privilege to occupy the premises had expired, states a legally sufficient claim. "If the motion attacks the entire pleading, it will fail if any part or the pleading is legally sufficient." Grier v. West Haven PoliceCT Page 5428Dept., 40 Conn. Sup. 221, 222, 487 A.2d 576 (1984), affirmed,8 Conn. App. 142, 510 A.2d 1376 (1986). For this reason, the motion to strike is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court