[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS CT Page 9406
The parties were married in Milford, Connecticut, on October 15, 1999 and were separated less than six months later on March 2, 2000. There are no minor children. The plaintiff Wife is twenty-two (22) years old and in apparent good health. She is employed in the billing department of an on line marketing firm and earns $39,624.00 per year. The defendant Husband, age twenty-four (24), is according to the testimony of the Wife, in good health and his last known job was a floor refinisher at Milford Hospital earning approximately $10.00 to $10.50 per hour. The Husband has not appeared in the case and did not appear at the hearing.
At the time of the marriage, the parties entered into an apartment lease for one (1) year at $850.00 per month. According to the testimony of the Wife, she would not have entered into the lease, but for the marriage, as the rent was too high for her alone. Also, at the time of the marriage, and at the request of the Husband, the Wife made arrangements through her family to borrow $7,500.00 from a credit union. The note with interest totaled $9,605.28, and is being repaid at the rate of $211.00 per month for four years. The express purpose of the loan was the payment of outstanding debts of the Husband in the amount of $5,400.00, which was sum paid to his mother. The balance was used as a security deposit for the lease. The plaintiff has asked the Court to order the defendant to repay one-half of the rent for an eleven month period and all of the monies borrowed by her on behalf of the defendant.
Prior to her marriage to the Husband, the Wife asked him if there was any other woman in his life, and he responded that there was. "nobody else." On or about March 1, 2000, she found out about a relationship that he had existed prior to and which continued after the marriage up to and including the date of separation. At that time, he even disclosed a second such ongoing relationship which began after the marriage. The plaintiff seeks a decree of this Court annulling the marriage.
 FINDINGS
The Court, having heard the testimony of the plaintiff, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-40 (b), 46b-60, 46b-63, 46b-67 (b), 46b-81, and 46b-82, of the Connecticut General Statutes, hereby makes the following findings:
1. That it has jurisdiction.
2. That the allegations of the complaint are proven and true. CT Page 9407
 3. That based upon testimony of the plaintiff, the defendant is not in the active military or naval service of the United States.
 4. That the marriage of the parties is void ab initio, and that ample evidence exists that at the time of the marriage, the defendant fraudulently concealed from the plaintiff an ongoing sexual relationship with another party which continued after the marriage; and that he concealed his intention to use the marriage as a means of escaping from his existing indebtedness; and further, that he did not intend to assume all of the obligations, duties, and responsibilities necessary for a normal marital relationship. Bernstein v. Bernstein, 25 Conn. Sup. 239, 240-41
(1964).
 5. That it would be equitable under all the circumstances that the defendant should bear responsibility for a large portion of the marital obligations, in particular $5,400.00 expended for the defendant's prior obligations, $2,750.00 (11 x $250) toward the leasehold obligation, and $850.00 toward interest charged on the credit union loan, for a total of $9,000.00.
 ORDERS 1. The marriage of the parties is hereby annulled, and they are each hereby declared to be single and unmarried.
2. No alimony is awarded to either party.
 3. The defendant shall pay to the plaintiff as and for a property settlement the sum of $9,000.00. Said sum shall be payable in equal monthly installments of $150.00 each, without interest, commencing September 1, 2000, until paid in full.
 4. The plaintiff shall own free and clear of any claims by the defendant the following:
 a. 1998 Saturn automobile subject to any existing indebtedness which the plaintiff shall assume;
CT Page 9408
 b. Accounts at People's Bank and McKesson Federal Credit Union;
c. 401(k) plan at OLM Online Marketing; and
d. Any security deposit for the current lease.
5. No attorney fees are awarded to either party.
 6. The Court hereby restores the birth name of the plaintiff: HEATHER KIRKPATRICK.
THE COURT
By Shay, J.