WILLIAM J. GRIFFIN III *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF NEW CANAAN ET AL.
(10674)
(10987)

DUPONT, C. J., HEIMAN and SCHALLER, JS.

Argued December 8, 1992—decision released March 23, 1993

*Louis Ciccarello,* with whom, on the brief, were *Benjamin E. Gershberg* and *Harry H. Hefferan,* for the appellants (named defendant et al.).

*Ridgely W. Brown,* for the appellant (intervening defendant Victor Christ-Janer).

*Richard C. Stewart,* for the appellee (plaintiff).

DUPONT, C. J. This mandamus action concerns a dispute over the meaning to be accorded a judgment rendered in accordance with a stipulation executed in settlement of a zoning dispute. The principal issue is whether the stipulated judgment allows the use of the ground floor of the plaintiff's building for a new car dealership sales office. The case was tried to an attorney trial referee who determined that the stipulated judgment allowed the first floor of the building to be so used. The trial court rendered judgment for the plaintiff and granted the plaintiff's request for a writ of mandamus, directing the defendant building inspector of the town of New Canaan "to issue all approvals necessary for the plaintiff to use the ground floor [of the property] for office purposes." The town and its building inspector now appeal from the judgment of the trial court.[1] We affirm the judgment of the trial court.

The plaintiff, William J. Griffin III (Griffin), and his son, William J. Griffin IV, are the owners of lot 718 on the New Canaan assessor's map. This lot is also known as 26 Forest Street. Griffin also owns three additional lots on Forest Street. Lots 711 and 712, known collectively as 32 Forest Street, are located north of and adjacent to lot 718. Lot 713 is located on the opposite side of Forest Street. It is lot 718 and the use of its ground floor that is the subject of this appeal.

Prior to 1985, lot 717, which is south of and adjacent to lot 718, was owned by the defendant-intervenor, Victor Christ-Janer. At this time, lots 717, 711, 712 and

---

[1] The defendant-intervenor, Victor Christ-Janer, also appealed from the judgment of the trial court and the appeals were consolidated by this court.

718 were located in retail zone A. Lots 711 and 712 contained a large building that the Griffins used as a new car dealership and lots 717 and 718 were vacant. The New Canaan zoning regulations in effect at that time exempted properties in retail zone A from any off street parking requirements.

In 1985, the defendant planning and zoning commission rezoned certain properties in the town center, including lots 711, 712, 717 and 718, from retail zone A to retail zone B. The zoning regulations enumerate twelve categories of permitted uses in retail zone B, including new car dealerships, but prohibit offices on the first floor of any building. Retail zone B also imposes various off street parking requirements, depending on the specific use of the site.

Griffin and Christ-Janer appealed the rezoning of their properties to the Superior Court, alleging "spot zoning," and thereafter entered into settlement negotiations with the commission. Prior to settlement, but subject to such settlement, Griffin agreed to purchase lot 717 from Christ-Janer so that Griffin could use the lot in connection with the proposed renovation of his properties. A proposed settlement of the litigation, in the form of a stipulation, was submitted to the commission for approval. Attached to the proposed stipulated judgment was a proposed plot plan and site plan of the Griffin and Christ-Janer properties. The proposed stipulated judgment did not specifically mention any restrictions on the future use of lot 718, with the possible exception that trees were to be planted on the lot. The proposed plot plan, however, included a notation within lot 718 stating, "new structure 2 story retail and office." The proposed site plan similarly included a notation for lot 718 stating, "new 2 story structure retail and office."

The commission held a public meeting on July 5, 1988, to consider the proposed stipulation. At that time, various architectural drawings and plans were presented to the commission showing the exterior elevation of the proposed buildings to be constructed or renovated by Griffin on Forest Street. One drawing showed two signs reading "Antiques" and "Florist" over the ground floor areas of the building to be constructed on lot 718. This drawing was not attached to the proposed stipulated judgment.

The commission approved the stipulation and judgment was rendered pursuant to the stipulation by the court on August 12, 1988. The stipulated judgment provided, inter alia, that all of the lots owned by Griffin would remain in zone B, but Griffin was relieved from the off street parking requirements except for the obligation to maintain twenty-nine preexisting spaces located primarily on lot 713. Christ-Janer fully complied with all the detailed requirements imposed on him by the stipulated judgment, including the construction of a park on lot 717.

The stipulated judgment outlines, in great detail, all Griffin's obligations; those obligations, however, relate solely to lots 711, 712 and 713. The stipulated judgment fails, with the possible exception of its provision related to the planting of trees, to address lot 718 at all. The stipulated judgment also provides that "all necessary zoning permits and approvals shall be issued" to allow Griffin to construct and use the proposed improvements "in accordance with local ordinances and regulations."

Subsequent to the entry of the stipulated judgment, Griffin constructed a two story building on lot 718. After the construction on lot 718 was completed, the town building inspector issued a certificate of occupancy for the offices located on the second floor of the

new building, but refused to issue a certificate of occupancy for the ground floor because he claimed that the ground floor's use as an automobile sales office violated the stipulated judgment.

After the trial was concluded and the parties had filed briefs, the attorney trial referee issued a report containing forty-four findings of fact. Specifically, the attorney trial referee found that (1) the stipulated judgment is clear and unambiguous and does not restrict the use of the ground floor of the building on lot 718 to retail business, (2) the existence of the words "Antiques" and "Florist" on the elevated drawings shown to the commission at the public hearing but not attached to the stipulation do not modify the terms of the stipulated judgment, (3) the stipulation is silent with respect to lot 718, and (4) because lot 718 is in retail zone B it can be used for any of the twelve uses permitted in that zone by the New Canaan zoning regulations. The referee therefore concluded that the defendant building inspector had a ministerial duty to perform what was imposed by law and did not involve the exercise of his discretion, that Griffin had a clear legal right to the performance of that duty and that Griffin did not have an alternate remedy at law. The attorney trial referee thus recommended that a mandamus should issue directing the building inspector to issue a permanent certificate of occupancy for the use of the property at 26 Forest Street, and that judgment for Griffin should enter to the effect that Griffin could use the property at 26 Forest Street for any of the twelve uses permitted in retail zone B, and could use the ground floor for new car dealership sales offices.

The trial court found "that the referee's recommendations are sound and logical, and that there is no material error in his report or any other reason why it is unacceptable." The court therefore rendered judgment for the plaintiff and directed the building inspector to

"issue all approvals necessary for the plaintiff to use the ground floor at 26 Forest Street for office purposes."[2]

Before reaching the main issue in this case, we must first address Christ-Janer's claim that the present appeal is moot because there is no longer an actual controversy as Griffin has voluntarily vacated the premises at issue and the ground floor is now occupied by a retail business.[3] Christ-Janer argues that the relief sought by Griffin, a writ of mandamus compelling the issuance of a certificate of occupancy, is no longer required because the ground floor is now being used for retail purposes and not as a new car dealership sales office. Griffin counters that no subsequent change in use can moot this case or appeal because, at the time Christ-Janer was permitted to intervene, the parties stipulated and recognized that the uses to be permitted on the ground floor would be decided by this appeal.[4] Griffin also argues that the property's current use is irrelevant because the final disposition of this case will necessarily affect the property's future permitted uses. We agree with Griffin that his leaving the

[2] The plaintiff sought, in his writ of mandamus, the temporary use of the first floor as a new car dealership sales office and we treat the judgment of the trial court as allowing that use as well as all of the twelve uses permitted by the New Canaan zoning regulations for properties located in retail zone B.

[3] After completion of the building on lot 718, Griffin apparently used the ground floor as a sales office for his automotive dealership until voluntarily vacating the premises in February, 1992. The ground floor is apparently now occupied by a cycle shop.

[4] In his report, the attorney trial referee noted the following: "The parties apparently have stipulated, at a contempt hearing held before [then Superior Court] Judge Landau on February 20, 1990, that the issue of whether a mandamus should issue would be decided in this case and, also, that the issue of what uses are permitted for 26 Forest Street under 60-9.2B of the zoning regulations following entry of the stipulated judgment in the prior zoning appeal should also be determined as part of the judgment in this case."

ground floor of 26 Forest Street and the use presently being made of the property does not moot the appeal.

Griffin is correct in his argument that the property's present use is irrelevant. Zoning regulates the use of land and is not concerned with present ownership or limited to actual use, but includes the potential future use of property. See *Builders Service Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 274, 545 A.2d 530 (1988). If mandamus should issue in this case, Griffin would have the right to use the ground floor of his property for a new car dealership sales office, regardless of whether he presently chose to exercise that right. The appeal is not moot.

The defendants' main contention is that although lot 718 is now within retail zone B, which permits any of twelve different uses, the stipulated judgment limits the ground floor of the building on lot 718 to retail use. The defendants' assertion is based principally on the fact that the plot plan and site plan attached to the stipulated judgment each contained a notation that lot 718 would eventually contain a two story retail and office structure. Because the zoning regulations do not permit the ground floor of any building within retail zone B to be used for office purposes; New Canaan Zoning Regulations § 60-9.2 B (5); the defendants argue that the ground floor is restricted to retail use. The defendants also contend that Griffin implied that the ground floor would be limited to retail use when he presented the elevation drawings to the commission at the public hearing.

The testimony at trial centered around the parties' intent with respect to the stipulated judgment. The attorney trial referee heard testimony from the Griffins, Christ-Janer, the building inspector, two members of the commission and from the architect who pre-

pared both the plot plan and the site plan attached to the stipulated judgment, as well as the elevation drawings shown to the commission.

The attorney trial referee correctly noted that the stipulated judgment itself, with the possible exception of the obligation to plant trees, is silent with respect to lot 718. The defendants point out, however, that the site and plot plans attached to the stipulated judgment both contain notations regarding lot 718. The defendants argue that, because the stipulated judgment makes express reference to the attached site and plot plans, they are thereby incorporated into the stipulated judgment. We agree. This does not necessarily mean, however, that the use of the ground floor of any building constructed on lot 718 is limited to retail use.

A stipulated judgment is in the nature of a contract between the parties. *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956); *Albert Mendel & Son, Inc.* v. *Krogh,* 4 Conn. App. 117, 122, 492 A.2d 536 (1985). Therefore, the interpretation of a stipulated judgment, like the interpretation of a contract, is usually a question of fact. See *Gurliacci* v. *Mayer,* 218 Conn. 531, 567, 590 A.2d 914 (1991); *Sagamore Group, Inc.* v. *Commissioner of Transportation,* 29 Conn. App. 292, 298, 614 A.2d 1255 (1992); *Jacobs* v. *Seaboard, Inc.,* 28 Conn. App. 270, 273, 610 A.2d 189, cert. denied, 223 Conn. 923, 614 A.2d 822 (1992).

Here, the referee had the stipulation itself and testimony on which he could base his conclusions of fact. Where the fact finder's conclusions as to intent are based on such factors as the credibility of witnesses and the testimony of live witnesses as to the meaning of a contract or as to the circumstances surrounding the execution of a contract, a question of fact as to intent of the parties exists. *Jacobs* v. *Seaboard, Inc.,* supra, 273–74.

At trial, the attorney trial referee heard testimony from the architect who produced the site and plot plans. He indicated that the words "new 2 story structure retail and office" were placed on the site plan because he knew what retail zone B allows and that whenever he does any type of presentation drawings for a site plan he usually puts down on the drawing whatever use he thinks the zone would allow. He expressly stated that at the time the drawings were prepared he had no idea what type of use would actually be made of the property. He further testified that he thought the property could be used for any purpose allowed by the regulations for properties located in retail zone B, and that the property's ground floor would not be further limited as to use.

The attorney trial referee also heard testimony from William Griffin IV, who was principally responsible for implementing his father's plans. The younger Griffin testified that, in entering the stipulation, it was never his nor his father's intent to limit the use of the ground floor of lot 718 to retail. He testified that, to the contrary, it was their intent to relocate their sales personnel and showroom to the ground floor of lot 718 while they demolished and renovated an existing building on lots 711 and 712. He also testified that after the new showroom was completed and the sales staff had been moved back into the building on lots 711 and 712, it was their intention to rent out the ground floor of lot 718 for any use permitted within retail zone B.

The defendants argued that the commission intended the stipulation to prohibit the use of the ground floor for offices. As evidence of this intent, the defendants cite the elevation drawings presented at the public hearing. This hearing was held prior to the execution of the stipulation and prior to the rendering of judgment pursuant to the stipulation. The elevation drawings, however, were not attached to, or made part of, the

stipulation. Furthermore, the testimony given at the public hearing was not heard by the attorney trial referee, and the only evidence he could consider was the testimony at trial, together with the stipulation and attachments to it.

On the basis of the testimony presented to the attorney trial referee, we conclude that the attorney trial referee's explicit determination as to intent was not clearly erroneous. In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely his function as a fact finder. "The resolution of conflicting factual claims falls within the province of the trial court." *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 473, 542 A.2d 692 (1988). Additionally, "[w]e cannot retry the facts or pass on the credibility of . . . witness[es]." Id.

The trial court determined that the notations contained on the site and plot plan were not intended to limit the uses that could be made of the ground floor of the building constructed on lot 718. On the basis of this determination, the attorney trial referee ultimately determined that the stipulated judgment did not limit the plaintiff's use of the ground floor of the property beyond those limitations embodied in the town zoning regulations with respect to properties within retail zone B. He also determined that a certificate of occupancy should issue for the plaintiff's use of the property as a new car dealership sales office. We find that the attorney trial referee's factual findings and ultimate conclusions and recommendations are adequately supported by the record and are not clearly erroneous.

We also conclude that the trial court properly issued a writ of mandamus in this case. "A party seeking a

writ of mandamus must establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law. . . . Even satisfaction of this demanding test does not, however, automatically compel issuance of the requested writ of mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity." (Citations omitted; internal quotation marks omitted.) *Hennessey* v. *Bridgeport,* 213 Conn. 656, 659, 569 A.2d 1122 (1990); *Sullivan* v. *Morgan,* 155 Conn. 630, 635, 236 A.2d 906 (1967); *Hackett* v. *New Britain,* 2 Conn. App. 225, 228–29, 477 A.2d 148, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984).

Here, the attorney trial referee determined that the plaintiff satisfied the three necessary elements for issuance of the writ, and recommended that a mandamus should issue. The trial court agreed with the attorney trial referee that "[m]andamus is proper in this instance because plaintiff has met the three part test prescribed by *Hennessey* v. *Bridgeport*[, supra]" and therefore ordered the issuance of "all approvals necessary for the plaintiff to use the ground floor at 26 Forest Street for office purposes." The trial court's decision to issue the mandamus was within its sound discretion. *Hennessey* v. *Bridgeport,* supra, 659.

The judgment is affirmed.

In this opinion the other judges concurred.