[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In their one count complaint, the plaintiffs, Curt Rogg-Meltzer and Donna Rogg-Meltzer, allege breach of contract, and seek to foreclose a mortgage executed by the defendant, Oly Mattera Contracting Co., Inc. (Oly Mattera). The plaintiffs allege that they signed a contract with the defendant dated April 14, 1992, to purchase for $325,000 an unimproved lot in a subdivision owned by the defendant and located off Daniel Court in Westport; that the defendant represented in the contract of sale that sufficient topsoil existed to plant grass on the CT Page 8225 premises ("adequate topsoil exists on the lot to permit the successful planting of sod and/or grass seed on the premises"); that the defendant further agreed that it would take all remedial action required to fulfill this representation; that in order to secure its obligation in this regard, the defendant mortgaged to the plaintiffs two other lots in the same subdivision; that defendant breached its obligation to furnish topsoil; and that the plaintiffs seek a foreclosure of their mortgage, money damages and other related relief.
The defendant, Oly Mattera, fried an answer admitting that it had agreed to take all necessary remedial action to fulfill its promise concerning topsoil, and that it executed the mortgage in order to secure its obligations under the contract. The defendant denied, however, that it was in breach of such obligation and representation regarding topsoil.
This case was referred to Attorney Barbara A. LaVoy, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then filed her report containing the following findings of fact: (1) that the plaintiffs were concerned about their ability to plant a lawn after their home was constructed, and therefore, they obtained a representation from the defendant promising adequate topsoil; (2) that to secure and fulfill its representations, the defendant mortgaged two lots in Westport to the plaintiffs, which mortgage was dated and recorded June 22, 1992;[1] (3) that the parties disagreed on the amount or extent of topsoil that the defendant was obliged to provide, as the plaintiffs wanted a lawn on all of theft property except the wetland area, whereas the defendant visualized a lesser lawn limited to the disturbed areas, including the leaching fields;[2] and (4) that the plaintiffs were ultimately obliged to bring in topsoil to their property, at a cost of approximately $21,000, because the defendant refused to provide topsoil.
The attorney trial referee reached the following conclusions as a result of her findings of fact: (1) that the parties agreed and understood that the lawn would encompass all non-wetlands areas and that defendant failed in its obligation in this regard; (2) that the defendant breached its obligations under the contract in that it did not provide adequate topsoil to permit the planting of grass in the entire non-disturbed areas of the subject property; (3) that the defendant's claim that the CT Page 8226 contractor for the plaintiffs caused the problem regarding topsoil was "completely devoid of credibility;" (4) that the plaintiffs' claim for attorney's fees and interest was provided for in the mortgage, and the plaintiffs were therefore entitled to an award of approximately $21,000 in money damages, plus attorney's fees and costs of approximately $10,000, without interest; and (5) that the plaintiffs were also entitled to a foreclosure of their mortgage.
The defendant, pursuant to Practice Book § 438, moved to correct the report to reflect that: (1) the recommendation of money damages of approximately $21,000 is erroneous because the plaintiffs failed to allege that they suffered any injuries or damages; and (2) the plaintiffs were not entitled to a foreclosure because their mortgage did not describe the property and terms of the mortgage with sufficient specificity, including failing to state who was in possession of the property sought to be foreclosed.
In response to the motion to correct filed by the defendant, the attorney trial referee declined to make any corrections to her report or recommendation that a judgment of foreclosure enter in favor of the plaintiffs, except to note that the plaintiffs should be entitled to amend their complaint to conform it to the proof because although the plaintiffs failed to allege damages as such, a great deal of evidence on this subject was admitted without objection at the trial. The attorney trial referee also stated that the plaintiffs were not entitled to money damages in a foreclosure action unless the claim was pleaded in a separate count and therefore that the plaintiffs should also be authorized to amend their complaint to include such a count. With respect to the claim of the defendant regarding inadequacies of the mortgage, the referee stated that the document did sufficiently allege the required terms and the identity of the party entitled to possession.
The defendant filed exceptions to the referee's report pursuant to Practice Book § 439, and properly included the required transcript of the evidence that was introduced at the trial. The exceptions contend that the referee was in error in failing to find, or to delete, those facts referred to in the defendant's motion to correct, and in her conclusion that the plaintiffs were entitled to money damages in a foreclosure action. The defendant reiterated its contention that the plaintiffs had failed to plead or seek such damages. CT Page 8227
As to this court's scope of review of an attorney trial referee's recommendations regarding the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. See also Practice Book § 440.
Therefore, the first issue is whether the referee's factual finding that the intent of the parties was that the defendant would provide sufficient topsoil so that the plaintiffs' lawn area would encompass all non-wetland areas is supported by the record. A review of the transcript indicates that there was sufficient credible support in the record for the factual findings made by the referee.[3] Although evidence to the contrary was presented at trial, it is axiomatic that "[w]here evidence is in conflict, its probative value is for the trier of fact to determine." Bernard v. Gershman, 18 Conn. App. 652, 656,559 A.2d 1171 (1989). It appears from reviewing the defendant's motion to correct and its exceptions to the report, that the defendant is attempting to substitute its own version of the facts for those found by the referee, a practice discountenanced in Argentinis v. Gould, 23 Conn. App. 9, 19, 579 A.2d 1078, rev'd on other grounds, 219 Conn. 151, 592 A.2d 375 (1991).
The question of intent in interpreting a contract is a factual question reserved for the finder of fact. "Where the fact finder's conclusions as to intent are based on such factors as the credibility of witnesses and the testimony of live witnesses as to the meaning of a contract or as to the circumstances surrounding the execution of a contract, a question of fact as to intent of the parties exists." Griffin v. Planning ZoningCommission, 30 Conn. App. 643, 650. 621 A.2d 1359 (1993).
In addition to determining whether "there was . . . evidence to support the attorney trial referee's factual findings," the second task of the reviewing court is to decide whether "the conclusions reached were in accordance with the applicable law."Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741, CT Page 8228 746, 583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153
(1991). See also Bernard v. Gershman, supra, 18 Conn. App. 656, and Practice Book § 440.
As was noted, the defendant did file objections to the acceptance of the referee's report, Practice Book § 440, reiterating its contention that the referee had erred in determining that the plaintiffs were entitled to both money damages and a foreclosure. The plaintiffs themselves agree that what they seek in this action is a foreclosure of their mortgage, not money damages as such. The issue is whether the plaintiffs are entitled to a foreclosure of their mortgage because the defendant breached an agreement which the mortgage was intended to secure. The referee found that the defendant breached its contract, and that the plaintiffs were entitled to a foreclosure. Her other conclusion concerning the plaintiffs' right to obtain money damages in addition to a foreclosure is not accepted by the court. "A referee's determinations of law in his or her report are not binding on the court . . . the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee . . . [t]he trial court [has] the inherent authority . . . to render whatever judgment was appropriate in light of the facts found by the attorney trial referee." (Citations omitted; internal quotation marks omitted.) Dills v. Enfield, supra, 210 Conn. 713. See also State Bank of Westchester v. New Dimension Homes ofConnecticut, Inc., 38 Conn. App. 491, 497, ___ A.2d ___ (1995) (stating "[a]ny legal conclusions reached by an attorney trial referee have no conclusive effect").
After hearing the evidence, including testimony from witnesses for the defendant, the attorney trial referee concluded that the plaintiffs were entitled to a foreclosure of their mortgage from the defendant. Based on the standard of review inDills v. Enfield, supra, 210 Conn. 714, the court finds that this recommendation is not illegal or illogical. To the contrary, in the words of Practice Book § 440, her recommendations were "properly reached on the basis of the subordinate facts found." No material error in the referee's report has been found, or any other sufficient reason why the report is unacceptable. See Practice Book § 443.
Accordingly, judgment is entered in favor of the plaintiffs and a foreclosure is ordered. The debt is freed at $21,039.76, plus attorneys fees of $10,361.47, for a total debt of CT Page 8229 $31,401.23, as of the date of this judgment. The matter should now be claimed for the foreclosure motion or short calendar at which time the type and date of foreclosure and any other necessary matters can be determined by the court.
Statutory costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, ___ this day of July, 1995.
William B. Lewis, Judge