## ROBIN A. ZADRAVECZ *v.* JOSEPH S. ZADRAVECZ
### (13259)

Dupont, C. J., and Lavery and Hennessy, Js.

Argued March 14—decision released August 29, 1995

*Dana P. Lonergan,* for the appellant (defendant).

*William B. Bilcheck, Jr.,* for the appellee (plaintiff).

HENNESSY, J. The defendant appeals from the judgment of the trial court, *Thim, J.,* determining that, pursuant to a stipulated judgment, all periodic payments of workers' compensation benefits to the defendant, including specific award payments, are income for the purpose of determining child support. We affirm the judgment of the trial court.

The marriage between the parties was dissolved by judgment of the Superior Court dated May 6, 1987. Included in the dissolution decree were orders that the defendant pay to the plaintiff the sum of $100 per week

as support for each of the parties' two minor children and that the defendant pay an additional $20 per week on a child support arrearage. In May, 1992, the defendant sustained a work related injury and became temporarily disabled from his job. The defendant fell behind in child support payments and, in July, 1992, filed a motion for modification of the child support orders, claiming that there had been a substantial change in circumstances.

On August 27, 1992, the parties entered into a written agreement that was approved by and made an order of the court, *Karazin, J.* The order provided: "Child support payments will be held in abeyance as of May 26, 1992, date of defendant's back injury, but once workers' compensation benefits become available defendant will retroactively pay the plaintiff child support, based upon child support guidelines and workers' compensation rate received, from the date of the injury, May 26, 1992. . . . Arrearages, which are to be determined and agreed upon, will be paid out of claimant's workers compensation permanency/specific award."

On October 1, 1993, the defendant filed a "Motion for Advice" requesting the guidance of the trial court concerning the stipulated judgment. The parties' disagreement concerned whether the defendant was required to include workers' compensation specific indemnity payments, awarded pursuant to General Statutes § 31-308 (b), as income for purposes of determining his child support payments. The trial court, in a written memorandum of decision, concluded that "[s]pecific award benefits received by the defendant under the Worker's Compensation Act are includable as income for purposes of determining the defendant's child support obligation." This appeal followed.

As a preliminary matter, we address the propriety of a "Motion for Advice" as a method of obtaining the ruling

challenged in this appeal.[1] Motions for advice are not recognized by the statutes or rules of court in this state. Our Supreme Court, well over one century ago, voiced its strong objection to the practice of requesting advisory opinions. See *Reply of the Judges of the Supreme Court to the General Assembly*, 33 Conn. 586 (1867). In more recent times, our Supreme Court has held that an action at law does not lie where the purpose is merely to secure advice on the law; *Connecticut Savings Bank* v. *First National Bank & Trust Co.*, 133 Conn. 403, 411, 51 A.2d 907 (1947); and that if jurisdiction is thereby lacking, neither the Supreme Court nor the trial court should deliver an advisory opinion. *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 246, 558 A.2d 986 (1989).

In this instance, however, even though the defendant's motion was labeled a "Motion for Advice," the defendant was seeking clarification of a prior order of the court. In such situations "we look to the substance of the claim rather than the form." *Whalen* v. *Ives*, 37 Conn. App. 7, 16, 654 A.2d 798 (1995). "Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." *Holcombe* v. *Holcombe*, 22 Conn. App. 363, 366, 576 A.2d 1317 (1990). "There is no time restriction imposed on the filing of a motion for clarification." Id. Nor is there a requirement that the same court that rendered the original judgment act on the motion for clarification. Id. We conclude that the trial court had jurisdiction to consider the defendant's motion.

We now turn to the substance of the clarification issued by the trial court. The clarification was of a judgment rendered pursuant to a stipulation between the

[1] This issue was raised by the court, sua sponte, and the parties were ordered, prior to oral argument, to brief and to be prepared to argue the issue of whether the trial court had jurisdiction to entertain the defendant's motion for advice.

parties. A stipulated judgment is in the nature of a contract between the parties and will be interpreted as a contract. *Griffin* v. *Planning & Zoning Commission*, 30 Conn. App. 643, 650, 621 A.2d 1359 (1993); *Lavigne* v. *Lavigne*, 3 Conn. App. 423, 427, 488 A.2d 1290 (1985). In construing a contract the controlling factor is normally the intent expressed in the contract, "not the intent which the parties may have had or which the court believes they ought to have had." (Internal quotation marks omitted.) *Robinson* v. *Weitz*, 171 Conn. 545, 551, 370 A.2d 1066 (1976). Thus, "[w]here] . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *DeLeonardis* v. *Subway Sandwich Shops, Inc.*, 35 Conn. App. 353, 357, 646 A.2d 230, cert. denied, 231 Conn. 925, 648 A.2d 162 (1994).

In this case, the "Motion for Advice" asked the trial court to determine whether the workers' compensation benefits out of which child support payments would be withheld included only temporary total disability payments or any benefits under the Workers' Compensation Act. "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. *Downs* v. *National Casualty Co.*, 146 Conn. 490, 494, 152 A.2d 316 [1959]." *Sturman* v. *Stocha*, 191 Conn. 1, 11–12, 463 A.2d 527 (1983). The clause subject to interpretation is that "[the] defendant will retroactively pay the plaintiff child support, based upon child support guidelines and workers' compensation rate received . . . ." "Workers' compensation rate" is not an ambiguous phrase and the trial court did not consider evidence outside the document itself. Thus, the trial court was required to determine, as a matter of law, what that phrase meant in the context of the stipulated judgment.

The trial court determined that "[s]pecific award benefits received by the defendant under the Worker's Compensation Act are includable as income for purposes of determining the defendant's child support obligation." Because the trial court did not provide the legal basis for this conclusion, the defendant should have sought an articulation. *Walton* v. *New Hartford*, 223 Conn. 155, 164–65, 612 A.2d 1153 (1992). In the absence of an articulation, we presume that the trial court acted properly. Id., 165. Thus, we conclude that, pursuant to the stipulation of the parties, which did not refer to the different kinds of payments pursuant to the Workers' Compensation Act, "workers' compensation rate" includes all payments pursuant to that act.

The judgment is affirmed.

In this opinion the other judges concurred.