[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. BACKGROUND
On July 29, 1993, the Board of Zoning Appeals granted a special exception application by S. Rudy Gatto to permit a retail shopping complex. Numerous conditions attached to the Board's approval, including Condition #8 which read as follows:
 "Two pylon signs shall be permitted, with a maximum height (to top of sign) of no more than 20 [ft.], and each sign face not to exceed 100 sq. feet."
Neighboring property owners took an appeal from the entire Board decision and the plaintiff took an appeal which was limited to certain conditions attached to the approval. Condition #8 relating to the signage was not specifically appealed.
The parties executed stipulations for the settlement of the appeal and judgment was entered by the Superior Court. Each stipulated settlement included a clause which read as follows: CT Page 3472
 "In all other respects, the decisions of the defendant Board, which are the subject of this appeal, shall remain unchanged."
After the stipulated judgment was approved and entered by the court, the plaintiff attempted on three separate occasions to amend its permit with regard to signage.
On May 18, 1995 the plaintiff sought to amend Condition #8 with regard to both the highway sign and the main entrance sign. On that occasion, the plaintiff eventually withdrew, with the permission of the Board, his application to amend the highway sign. The Board denied the request to amend the main entrance sign. No appeal was taken from the action of the Board.
On October 26, 1995, the plaintiff filed a request to amend Condition #8 with regard to both signs. The Board questioned its jurisdiction because it normally had a one-year waiting period between applications.
The Board's rules provided:
"F. Reconsideration and Rehearing.
 1. The Board will not rehear any Appeal [or] Application which is substantially similar to an Appeal or Application previously decided by the Board until one year has elapsed since the previous hearing." (Joint Stipulation, Exhibit Y.)
It appears that based upon the Board's reluctance to rehear, the application of October 26, 1995 was withdrawn. Since the May 18th application was withdrawn as to the highway sign and denied as to the main entrance sign, it would have been possible in October to have argued that only the main entrance sign was a second application within a one-year period. Notwithstanding this fact, the application appears to have been withdrawn in its entirety.
The application was again refiled on December 28, 1995. Initially, relying on an opinion from the Assistant Corporation Counsel who regularly represents the Board, the Board determined that the existence of the stipulated judgment deprived it of CT Page 3473 authority to change the conditions of the permit. Following reconsideration, the Corporation Counsel's office ruled that the Board had jurisdiction but the Board chose to continue to follow the earlier opinion and found that it had no jurisdiction to amend the permit.
Faced with the Board's refusal to hear the permit, notwithstanding a favorable decision on the jurisdictional issue from the Corporation Counsel, the plaintiff requested a writ of mandamus from this court.
The plaintiff's writ of mandamus requested the following relief:
 "A temporary and permanent writ of mandamus ordering the Board of Zoning Appeals of the City of New Haven to: (a) hear, process and decide Gatto's application for a special exception (No. 96-01-V, as filed on December 29, 1995; (b) hear, process and decide said application using the provisions of the New Haven zoning regulations as in effect on December 29, 1995; and (c) refer the accompanying coastal site plan review application to the city planning commission in accordance with the New Haven regulations and ordinances."
The plaintiff then asked for costs and such other and further relief as the plaintiff may be entitled to.
After the petition for writ of mandamus was filed, this court granted the motion by the various neighbors who had appealed the original permit to intervene as defendants in the present action. The motion to intervene was granted without objection.
II. DISCUSSION
The City appears to advance one argument not advanced by the intervenors nor directly addressed by the plaintiff. While all sides argue about the appropriateness of mandamus and whether or not there is a clear non-discretionary ministerial duty, the City further argues that mandamus should not be granted if an alternative remedy exists.
The issuance of a writ of mandamus requires a showing that (1) the defendant has a legal obligation to perform the duty with no discretion; (2) the plaintiff has a clear legal right to the CT Page 3474 act requested; and (3) no other sufficient remedy at law exists.Griffin v. Planning and Zoning Commission of the Town of NewCanaan, 30 Conn. App. 643, 653 (1993). The City argues, before the court gets to the merits, that the plaintiff has a sufficient remedy at law by way of declaratory judgment to test the binding effect of the stipulated judgment on the right to reconsider.
Pursuant to § 390 of the Practice Book in order to apply for a declaratory judgment, the plaintiff, among other things, would have to satisfy § 390(b) and § 390(c).
[the court should not enter a declaratory judgment]
 "(b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which require settlement between the parties; or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure;. . ."
The plaintiff in the instant case is alleging that there is no substantial uncertainty as to legal relations which is the very reason that he claims an entitlement to a writ of mandamus. The court may or may not agree with the plaintiff in this regard, but the court does recognize that if the plaintiff had proceeded by way of declaratory judgment he might well have faced the claim that declaratory judgment was not available because "some other form of procedure," i.e. mandamus, was available.
Under the facts before it, the court need not decide whether mandamus or declaratory judgment is the better procedure. The court is of the opinion that the mandamus need not be dismissed for failure to show "no other sufficient remedy at law exists."
To some extent, both the intervening plaintiffs and the City appear to argue that because the relationship between the stipulated judgment and reconsideration presents a somewhat complicated legal issue a writ of mandamus is inappropriate. Connecticut courts have held that a trial court, in the course of determining a plaintiff's entitlement to the performance of a non-discretionary duty, may consider and decide issues regarding the existence of that duty.
In Lechner v. Holmberg, 165 Conn. 152, 158 (1973), the court held: CT Page 3475
 "While there may have been a legitimate doubt as to the operation and effect of section 54-90, the duty of the officials did not involve an exercise of discretion; either they were required to disclose the transcript or they were prohibited from doing so. While in a very broad sense the duty was not `clear' at the time one way or the other, one of the purposes of the action was to establish the existence of the unqualified right to performance. The court did not err, therefore, in concluding that the action of mandamus was proper."
In State ex rel Heimov v. Thomson, 131 Conn. 8, 12, 13
(1944), the court held:
 "The fact that a judicial interpretation may be necessary to enunciate the duty more specifically will not of itself preclude coercion of the duty by writ of mandamus."
Both the intervening defendants and the City argue that the plaintiff has no clear legal right to a hearing on their application. Each argues, to a greater or lesser extent, either that the stipulated judgment produced a contract between the parties or that the stipulated judgment results in some manner ofres judicata or claims precluded.
The City relies on the language in the stipulation which reads as follows:
 "In all other respects, the decisions of the defendant board, which are the subject of this appeal, shall remain unchanged."
The City argues that the effect of the language is to have the stipulated judgment affect the signage in the same way that it affected the specific conditions which were negotiated into the judgment. There is no argument that signage was not in dispute at the time of the original stipulated judgments. This court need not decide what the effect of the stipulated judgments would be upon a later request to change one of the precise terms which was negotiated into the settlement.
It does appear to the court that the general language that other terms will remain unchanged neither adds nor subtracts from CT Page 3476 the stipulated judgments. The Commission had issued a permit. The applicant had the right, if the permit had never been appealed, to make a timely request for amendments to the permit. This court is not prepared, at least as to those provisions which were not in dispute at the time of the original appeal, to find that a permit which results from a stipulated judgment is carved in stone to the extent where later amendments require the reopening of a judgment rather than municipal agency action.
Under the facts before it, this court has no occasion to decide what the effect might be of an attempt to amend a condition which was specifically negotiated at the time of the stipulated judgments. However, the court does hold that the municipal agency retains jurisdiction to amend permits which it has issued as to any conditions not specifically negotiated. With the possible exception of specifically negotiated conditions, the court sees no difference between a permit which is issued following a stipulated judgment and a permit which is issued without an appeal. The plaintiff's present attempt to amend does not call into question the propriety of anything in the permit as amended by the judgment, but rather exercises his right, following the issuance of a permit, to ask for an amendment.
The intervenors and the City further argue that New Haven zoning is not general act zoning but rather is pursuant to special act and the New Haven Charter. Section 185 of the New Haven Charter established a Board of Zoning Appeals. That section provided that persons claiming to be aggrieved by orders or requirements of a zoning official shall be heard. It also appears to impose a mandatory duty to hear variances. The section concluded with the following language:
 "Said board of zoning appeals may also hear and act upon other matters for which provision is made in the ordinance." (Emphasis added.)
The argument is made that, except as to zoning enforcement officer interpretations and variances, the Board of Zoning Appeals has discretion to hear or not hear other matters. The court finds that a fair reading of the Charter is that the ordinances may or may not provide for the hearing of other matters, but once matters of special permits or special exceptions are entrusted to the Zoning Board of Appeals, the court does not agree with the City or the intervenors that the Board of Zoning Appeals may unilaterally refuse to hear any and CT Page 3477 all requests for special exceptions or special permits.
For the foregoing reasons, the court issues the following orders:
(1) Because the entrance sign was heard on its merits in May of 1995, the Zoning Board of Appeals is ordered to receive an application for an amendment to the entrance sign. The Zoning Board of Appeals, in accordance with its rules, may either choose to hear that application or may specifically vote to refuse to hear the application until one year has elapsed from its earlier hearing.
(2) The Zoning Board of Appeals has jurisdiction to hear either application and as to the application for the highway sign, which has not been previously heard within one year, the Zoning Board of Appeals is ordered to accept and act upon an application. Nothing in this order is intended to suggest in any manner what action the Board must take upon the application.
(3) The parties are in essential agreement that to the extent that hearings on the application are held, § 8-2h mandates that the regulations to be applied to any application filed before January 1996 shall be the regulations which were in effect on December 29, 1995. The court so orders.
(4) Because the parties are in essential agreement, the court orders that as to any application which is heard, the Board shall refer the accompanying coastal site plan review application to the city Planning Commission.
(5) Should the Board choose to exercise its authority not to rehear the application insofar as it applies to the highway sign, and should an application concerning the highway sign be heard following the expiration of the one-year period, nothing in this opinion is intended to rule on the question of what regulations would be effective at the time of that hearing.
No costs are allowed to either party.
THE COURT
BY: KEVIN E. BOOTH, JUDGE CT Page 3478