[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action seeks to foreclose a mechanic's lien which was recorded in connection with a dispute between the plaintiff, Rowland Ironworks, Inc., of Danbury, and two defendants, 1200 Post Road East Associates Limited Partnership (1200 Post Road), and National Recording Studios, Inc. d/b/a National Video Center (National Video), both of Westport.
The plaintiff filed a complaint alleging that the defendant 1200 Post Road owns a commercial building located at 1200 Post Road East in Westport, and that it had a written contract dated October 9, 1995, and amended December 27, 1995, with National Video, which occupied a portion of the subject premises, and is described in the lien as "contractors or agents" for 1200 Post Road, to render services and furnish materials for a construction project at the subject premises. The plaintiff further alleges that it rendered services and furnished materials to the defendants between November, 1995 and April, 1996; that the contract price was approximately $29,000; that the defendant National Video had paid the plaintiff approximately $12,000, leaving a balance due of $16,776; and that the plaintiff had filed a mechanic's lien in that amount.
In their answer, 1200 Post Road and National Video, hereafter referred to as the defendants, denied the material allegations of the complaint and asserted a counterclaim with two counts. In the first count, the defendants allege that National Video was in possession of a certain portion of the building at 1200 Post Road East, Westport. which was the location where the plaintiff was to perform its construction services. The defendants contend that the plaintiff breached its contract by failing to perform in a workmanlike manner in accordance with the terms of the contract. The defendants also allege that the plaintiff failed to finish the project in a timely manner. In the second count of the counterclaim, the defendants allege that the plaintiff performed its work in a negligent manner and that the defendants incurred CT Page 14268 "substantial costs above the contract price."
The case was referred to Attorney Sherwood Spelke, an attorney trial referee, in accordance with General Statutes § 52-434(a) and Practice Book (1998 Rev.) § 19-2. The referee submitted a report finding the following facts: (1) the plaintiff's contract with National Video obligated it to fabricate and erect steel beams at the subject premises; (2) the contract price, as modified on December 27, 1995, was for $28,989; (3) the plaintiff performed the work in a timely fashion because the plaintiff was not obliged to commence until the shop drawings were approved by National Video's architect, which was not completed until mid-February of 1996, and also because time was not of the essence in the contract; (4) during the course of construction, the plaintiff sent a bill for approximately $16,000 seeking a progress payment which was not disputed by the defendant National Video; (5) the defendant National Video unilaterally breached the contract by terminating the plaintiff's services with a letter dated April 8, 1996, at a point when the plaintiff's work was "nearly complete;" (6) the plaintiff performed its work in a satisfactory manner, and the defendants did not prove their counterclaim to the contrary; and (7) the cost to National Video of completing the project was $1,970, which is a credit to be subtracted from the contract price.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the plaintiff was entitled to a foreclosure of its mechanic's lien; (2) the debt as of the date of his report. June 21, 1998, was the contract price, less a deposit of $6,187.25, and less the cost of correction, for a total of $20,771 owed to the plaintiff; and (3) the plaintiff had substantially performed the contract when the defendants breached the contract by terminating the plaintiff's services without justification, and hence the referee recommended that judgment enter for the plaintiff with respect to the counterclaim.
Pursuant to Practice Book (1998 Rev.) § 19-12, the defendants moved to correct the referee's report[1] in the following respects: (1) the plaintiff's delay in commencing and finishing the project could not be based on a delay in receiving the shop drawings because the plaintiff was in control of preparing such drawings; (2) the plaintiff breach the contract by not beginning the project until mid-March. 1996, and by not finishing it by the time the defendants terminated the plaintiff's involvement with the project; (3) the referee CT Page 14269 recommended a recovery in an amount greater than that claimed in the mechanic's lien; and (4) the defendants should prevail on their counterclaim as their expert witnesses' testimony was unchallenged.
The attorney trial referee declined to make any changes in his report or recommendations in response to the defendants' motion to correct except to reiterate that the contract did not contain a specific date for completion and, hence, the plaintiff had a reasonable time to do so.
The defendants did not, thereafter, file exceptions to the report as authorized by Practice Book (1998 Rev.) § 19-13.[2] However, they did file objections to the report as authorized by Practice Book (1998 Rev.) § 19-14.[3] The objections reiterate the claims asserted in the motion to correct and assert that: (1) the plaintiff is not excused from a tardy beginning and a failure to complete the project in a timely manner because of an alleged delay in receiving approval of the shop drawings, as the plaintiff was in control of such drawings; and (2) the defendants presented two experts who testified about the cost of completing the project, but who did not contradict each other as the referee indicated, because they were testifying as to different methods of such completion.
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). There, the court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.). See alsoTDS Painting and Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997) (the court "cannot find additional facts or CT Page 14270 reject others unless a material fact has been found without evidence.").
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. In this particular case, however, without exceptions and a transcript, it is impossible to determine whether the factual findings are supported by the evidence. As was said in Tarka v. Filipovic,45 Conn. App. 46, 54, 694 A.2d 824 (1997), the "failure to comply with the rules of practice governing procedures by which a party may challenge the findings of fact and factual conclusions of the attorney referee proves fatal to his claim."
Whether the plaintiff performed its contract in a timely and workmanlike manner is a factual determinations that should not be disturbed by this court. In their motion to correct, it appears that the defendants are attempting to substitute their own version of the facts concerning this issue for those of the referee. If the defendants' position were to be accepted, the court, in effect, would be retrying the case and reexamining the credibility of the witnesses. This is not permitted. Argentinisv. Gould, 23 Conn. App. 9, 19. 579 A.2d 1078, rev'd on other grounds, 219 Conn. 151, 592 A.2d 375 (1991).
It is obvious that the referee chose to believe testimony presented by the plaintiff in regard to the quality and timeliness of the work. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely his function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." (Internal quotation marks omitted.)Griffin v. Planning Zoning Commission, 30 Conn. App. 643, 652,621 A.2d 1359 (1993).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
CT Page 14271 (1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert,supra, 28 Conn. App. 706. In addition, findings of fact in a contract action should be overturned "only when they are clearly erroneous." Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 425, 567 A.2d 1250 (1989), cert. denied,214 Conn. 804. 573 A.2d 318 (1990). The recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Id. Our task is limited to determining whether the factual findings lead legally and logically to the referee s conclusions. Elgar v.Elgar, supra, 238 Conn. 845. The factual findings that the work was performed both in a timely and workmanlike manner lead to the recommendation that judgment should enter for the plaintiff because the defendants breached the contract by terminating the plaintiff's services without justification. "Whether a building contract has been substantially performed is ordinarily a question of fact for the trier to determine." Nor'easter Group,Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 472,542 A.2d 692 (1988).
As to the objections filed by the defendants, it is axiomatic that "[s]ection 440 . . . cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 52, 682 A.2d 140
(1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51. As noted previously, the objections filed by the defendants relate to the referee s factual conclusions, and cannot be the basis for rejecting these facts.
Based on the standard of review outlined in Elgar v. Elgar, supra. 238 Conn. 848-49, the referee s report and recommendations are accepted. No material error in the referee s report has been found, and there is no other sufficient reason for rendering the report unacceptable. Practice Book (1998 Rev.) § 19-17(a).
Judgment therefore enters in favor of the plaintiff that its mechanic's lien be foreclosed. The debt as of the date of the referee's report is determined to be $16,776, on the theory that CT Page 14272 the plaintiff cannot recover in a mechanic s lien foreclosure action an amount greater than that set forth in the lien itself. This case should now be claimed for the foreclosure short calendar in order to determine the type and the date of foreclosure, the value of the premises and all other details. Judgment is also entered in favor of the plaintiff with respect to the counterclaim filed by the defendants.
Costs are to be taxed by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book (1998 Rev.) § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of December, 1998.
William B. Lewis, Judge