[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS IN LIMINE
The plaintiff has filed two motions in limine to preclude the defendant from introducing certain evidence concerning the defendant's asserted defenses to the plaintiff's motion seeking to have him held in contempt for his alleged failure to contribute to the college expenses of the parties' children. The defenses are breach of contract by the plaintiff and accord and satisfaction.
 DISCUSSION
I. MOTION IN LIMINE
In deciding these motions in limine, the court is not called upon to determine whether the asserted defenses are legally sufficient,[1] but rather to determine whether the evidence sought to be introduced is relevant. State v. LoSacco, 26 Conn. App. 439, 444, 602 A.2d 589 (1992), CT Page 3707 citing State v. Bell, 188 Conn. 406, 414, 450 A.2d 356 (1982). The defendant bears the burden of proving his defenses. Lumberman's MutualCasualty Co. v. Scully, 3 Conn. App. 240, 245 n. 5 (1985). The court has the right and the duty to exclude irrelevant evidence. Matto v.Dermatopathology Associates of New York, 55 Conn. App. 592, 598,739 A.2d 1284 (1999). "As a general matter, evidence is admissible if it has a tendency to support a fact relevant to the issues if only in a slight degree." Burns v. Hansen, 249 Conn. 809, 825, 734 A.2d 964 (1999) (internal quotation marks omitted). The test for admissibility is whether the evidence will assist the trier of fact in evaluating the claim. Id., 826-27.
 Evidence is irrelevant or too remote if there is such a want of open and visible connection between the evidentiary and principal facts that all things considered, the former is not worthy or safe to be admitted in proof of the latter. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative. (Citations omitted; internal quotation marks omitted.)
State v. Prioleau, 235 Conn. 274, 305, 664 A.2d 743 (1995).
II. ADMISSIBILITY OF EVIDENCE OF BREACH OF CONTRACT
The June 26, 1995 stipulated judgment dissolving the parties' marriage included a provision requiring "mandatory therapy and counseling involving the minor children and the parents." The purpose of the therapy was "to re-establish the relationship between the Husband and the children so the above described visitation may occur." The defendant repeatedly filed motions to compel the therapy, and several of those motions were granted by the court. On January 26, 1999, the court (Hon. John Brennan) denied the defendant's final motion to compel and vacated the order requiring counseling. The defendant asserts that no meaningful counseling ever took place, that the plaintiff breached the stipulated judgment and that her breach is a defense to the alleged contempt. The court finds that evidence of the alleged breach is not relevant in this proceeding and grants the motion in limine.
A stipulated judgment must be construed and regarded as a binding contract between the parties. Griffin v. Planning and Zoning Commissionof the Town of New Canaan, 30 Conn. App. 643, 650, 621 A.2d 1359 (1993);Caracansi v. Caracansi, 4 Conn. App. 645, 650, 496 A.2d 225, cert. CT Page 3708 denied, 197 Conn. 805 (1985). This principle applies to agreements for post-majority support which are incorporated into dissolution decrees.Legg v. Legg, 44 Conn. App. 303, 306, 688 A.2d 1354 (1997). Stipulated judgments must be interpreted consistently with accepted contract principles. Guille v. Guille, 196 Conn. 260, 265, 492 A.2d 175 (1985). Where the language of the contract is clear and unambiguous, as in this case, the scope and meaning of the language is a question of law rather than a question of fact. Zadravecz v. Zadravecz, 39 Conn. App. 28, 31,664 A.2d 303 (1995); Greenburg v. Greenburg, 26 Conn. App. 591, 596,602 A.2d 1056 (1992). The court may not add a term to the agreement.Albrecht v. Albrecht, 19 Conn. App. 146, 157, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 537 (1989).
In a contempt action to enforce a judgment providing for post-majority support for the parties' children, the defenses available in an action for breach of contract are available to a party defending a contempt.[2]
That is so because when the legislature amended General Statutes Section46b-66 to authorize such agreements to be incorporated into a stipulated judgment, the "limited purpose" of the amendment was to permit those agreements to be enforced by contempt instead of by an independent action on the contract. Albrecht v. Albrecht, supra, 19 Conn. App. 156-57. Public policy considerations mandate this conclusion. First, proceeding in contempt is likely to be more efficient in terms of the time necessary to litigate the matter, an important consideration when the children are in college and the parties need a more immediate resolution of the issue. Secondly, because the right to enforce the judgment by contempt does not necessarily preclude an independent action on the contract, judicial economy requires that the same defenses be available in both.
Under contract law, a material breach by one party discharges the other party's subsequent duty to perform on the contract. "[I]t is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time." 2 Restatement (Second), Contracts Section 237, p. 215 (1979); see also State v. Lex Associates, 248 Conn. 612, 624, 730 A.2d 38 (1999). Whether a breach is material depends on the circumstances of the case.669 Atlantic Street Associates v. Atlantic-Rockland Stamford Associates,43 Conn. App. 113, 128, 682 A.2d 572 (1996), citing to 2 Restatement (Second), Contracts, Section 241, 237-3 8, comment (a) (1989).
In this case, the plaintiff's alleged breach is not relevant to the defendant's obligations to perform under the judgment. The alleged breach by the plaintiff asserted as a defense is that she failed to engage the children in counseling to promote visitation between them and the defendant. Generally, promises within a property settlement agreement in CT Page 3709 a divorce action are independent unless one promise is conditioned upon the performance of another promise.[3] 15 S. Williston, Contracts (4th Ed., 2000) Section 44:19 p. 122. First, the promise on the part of the defendant to provide post-majority educational support in this case is not conditioned on the requirement that counseling take place. The agreement to engage the children in counseling was modifiable both by the terms of the agreement and by the requirements of law. Indeed, in this case, the plaintiff was explicitly released from that obligation when the court modified the counseling requirement in 1999, when two of the parties' four children were still minors. The court retains jurisdiction to modify orders concerning custody and visitation to determine what is in the best interests of the children at a future time. General Statutes, Section 46b-56. The agreement by both parties to pay post-majority educational expenses, in contrast, was not modifiable either by the terms of the agreement[4] or in the law. Albrecht, supra,19 Conn. App. 157. The fact that one promise was modifiable, and ultimately modified, while the other was not underscores the court's conclusion that the promises were not mutually dependent.
In addition, evidence of breach of contract is irrelevant in this case because in Connecticut, the duty of a party to provide support is wholly independent of the right of a party to have visitation. Bozzi v. Bozzi,177 Conn. 232, 237-238, 413 A.2d 834 (1979); Emerick v. Emerick,28 Conn. App. 794, 802, 613 A.2d 1351, cert. denied, 224 Conn. 915,617 A.2d 171 (1992). The general rule against construing promises as dependent in a stipulated agreement dissolving a marriage is particularly applicable here, where one promise related to visitation and the other to support.
III. ADMISSIBILITY OF EVIDENCE OF ACCORD AND SATISFACTION
The defendant asserts an accord and satisfaction between the parties as a defense against the plaintiff's motion for contempt. The defendant seeks to offer evidence that on October 6, 1999, after more than four years of contentious post-judgment litigation, the parties entered into an agreement that the plaintiff would not pursue her claim for contributions from the defendant to the children's college expenses and that the defendant would not pursue other claims against the plaintiff including a civil suit alleging, inter alia, that the plaintiff and her present husband had alienated the children's affections.[5] A stipulation was drafted but was not signed by either party or by the party's respective attorneys. The defendant served requests to admit on the plaintiff seeking to establish that the alleged settlement had been reached by the parties, but the answers are not conclusive. It is undisputed that the children did not participate and were not represented in the settlement negotiations. CT Page 3710
The defendant does not claim that this purported settlement is to be summarily enforced, and his asserted defense would not lead to that result. The defendant only claims an accord and satisfaction.
To prove the defense of accord and satisfaction, the defendant must show that there was a dispute between the parties as to the existence or the amount of a debt and that the creditor and debtor negotiated a new agreement to settle the claim. Munroe v. Emhart Corp., 46 Conn. App. 37,42, 699 A.2d 213, cert. denied 243 Conn. 926, 701 A.2d 601 (1997). The accord is the contract for the settlement, and the execution or performance of the agreement is the satisfaction. Davis v. Forman School,54 Conn. App. 841, 849, 738 A.2d 697 (1999); W. H. McCune, Inc. v.Revzon, 151 Conn. 107, 109, 193 A.2d 601 (1963). Unless there is mutual agreement or a meeting of the minds, there cannot be a valid accord.Herbert S. Newman Partners v. CFC Construction Ltd. Partnership,236 Conn. 750, 764, 674 A.2d 1313 (1996).
There has been no evidentiary hearing to establish whether there is a factual basis to establish the defense of accord and satisfaction. The only evidence before the court is the unsigned stipulation between the parties and the lawsuit that the defendant served upon the plaintiff and her husband contemporaneously with the alleged stipulation. Because the lawsuit is still pending, the defendant has not performed any accord to date. Nevertheless, the question before this court is not whether an accord and satisfaction has been proven, or even can be proven, but rather whether evidence of one is relevant. Whether there has been a mutual assent to an accord is a question of fact reserved to the finder of fact. Gillis v. Gillis, 21 Conn. App. 549, 552-53, 575 A.2d 230,cert. denied, 215 Conn. 815, 576 A.2d 546 (1990). Accordingly, evidence of such an agreement is relevant, and the motion in limine is denied.
Gruendel, J.